### ∗ PARKER vs. THE STATE.

[INDICTMENT FOR GRAND LARCENY.]

1. *Value of stolen property; how assessed.*—Under an indictment for grand larceny, (Code, § 3173,) the value of the stolen property must be assessed by the jury according to a specie standard, and not by any other currency that may be common at the time of the commission of the offense.

2. *Description of stolen animal in indictment.*—"A *heifer*, between two and three years old, that had never had a calf," may be described in an indictment for larceny as a *cow*.

FROM the Circuit Court of Jefferson.
Tried before the Hon. WM. S. MUDD.

THE prisoner in this case was indicted at the March term of said court, 1864, for the larceny of "a cow, the personal property of Thomas Rowan," which was alleged to be of the value of more than twenty dollars ; pleaded not guilty ; was tried, convicted, and sentenced to four years' imprisonment in the penitentiary.  "On the trial," as the bill of exceptions states, "the State proved, that the animal stolen was a heifer, betwen two and three years old, and had never had a calf ; and that said animal was worth, at the time she was missing, and at the time of the trial, seventy-five dollars in Confederate money, but was not worth twenty dollars in gold or silver.  On this proof, the defendant asked the court to charge the jury, that if the animal stolen

was a heifer, between two and three years old, that had never had a calf, then there was such a variance between the charge in the indictment and the proof that they could not convict the defendant under said indictment; also, that if they found the defendant guilty of stealing the cow, they must assess the value of the cow in specie. The court refused each of these charges, and the defendant excepted to the refusal."

At the same term of the court, the prisoner was indicted, jointly with two other persons, for the larceny of another cow, which was the property of B. J. Bass, and alleged to be worth more than twenty dollars; and on his trial under this indictment, the same questions arose, and were reserved by bill of exceptions, as on the first indictment. After refusing the charge asked by the defendant, as to the standard by which the value of the stolen property was to be assessed, " the court instructed the jury, that they might assess the value in the money current, or in common use among the people in the country, at the time it was stolen; to which charge, also, the defendant excepted."

The two cases were submitted together.

WM. S. EARNEST, and A. B. CLITHERALL, for appellant.
M. A. BALDWIN, Attorney-General, *contra*.

STONE, J.—Bank-notes, and paper issued to circulate as money, have some of the properties of money.—See *Corbett v. The State*, 31 Ala. 329. But it cannot be affirmed, as matter of law, that they are worth, in money, the amount which their face specifies.—See *Carlisle v. Davis*, 7 Ala. 42; *Wilson v. Jones*, 8 Ala. 536. Specie must be regarded as the standard of value in this country, and any other standard would not only violate principle, but would lead to the most embarrassing fluctuations and uncertainty. The charge asked, as to value, should have been given.

[2.] There is nothing in the objection that the property was misdescribed.

Reversed and remanded.