# Stollenwerk *v.* The State.

*Indictment for Larceny.*

1. *Description of animal stolen.*—"A yearling, of the value of six dollars," without the addition of any other descriptive words, is not a sufficient description of the animal stolen, in an indictment for grand larceny under the act approved February 20, 1875, amending section 3706 of the Revised Code (Sess. Acts 1874-5, p. 260) ; nor can the indictment be sustained as a charge of petit larceny.

FROM the Circuit Court of Lowndes.

Tried before the Hon. JAMES Q. SMITH.

The indictment in this case was found at the November term of said court, 1875, and contained but a single count, which charged that the defendant "did feloniously steal, take, and carry away a yearling, of the value of six dollars, the personal property of B. Wollfe." The defendant pleaded not guilty, without making any objection to the indictment; but, after conviction, he moved in arrest of judgment, on the ground that the indictment, in its description of the animal stolen, was too indefinite to sustain a conviction. The court overruled the motion, holding the indictment good as a charge of petit larceny, though insufficient as a charge of grand larceny under section 3706 of the Revised Code, as amended by the act approved February 20, 1875. The jury having returned a verdict of guilty, the court sentenced the defendant to hard labor for the county for the term of twelve months. The overruling of the motion in arrest, and the judgment of the court, are now urged as error.

WATTS & SONS, for the defendant.

JNO. W. A. SANFORD, Attorney-General, for the State.

STONE, J.—Any animal in the second year of its growth is a "yearling." The description in the present indictment is too indefinite. It may include many animals, for the stealing of which the act of February 20, 1875, does not provide. If the indictment had charged, that the animal stolen, describing it, was "an animal of the cow kind," it would have been sufficient. Nor is the indictment a sufficient charge of petit larceny. The animal may have been one which had no

[Adams v. The State.]

recognized money value. The motion in arrest of judgment should have been sustained.

The judgment is reversed, and the cause remanded. Let the prisoner remain in custody, until discharged by due course of law.