## TAMS BIXBY *vs.* GEORGE WILKINSON.

## February 28, 1879.

**Building Contract—Strict Performance.**—B. agreed, for a stipulated price, to build for W. a brick wall, of prescribed dimensions, and built a wall as agreed on, except that instead of being entirely of brick, he put in at one end, and for a part of the height of the wall, a stone pilaster, extending across and beyond the thickness of the wall, and occupying ten inches of the agreed length of the wall. *Held*, that there was not a compliance with the contract, so that B. can recover the price.

This action was brought in the district court for Goodhue county, and was tried before *Crosby*, J., who directed a verdict for plaintiff. A new trial was refused, and defendant appealed.

*Colvill & Akers* and *Palmer & Bell*, for appellant.

*J. C. McClure*, for respondent.

GILFILLAN, C. J. The plaintiff agreed with defendant to build a party-wall along the line between them, one-half of the thickness on the premises of each, the basement or cellar part of the wall to be of stone, and of prescribed dimensions, and above that to be of brick, 28 feet high, 70 feet long, and one foot thick, the price to be paid when the wall was completed. The plaintiff built the wall as agreed on, except that instead of the wall above the basement being entirely of brick, he put in it, at the end fronting the street, a stone pilaster, 13 feet high, 16 inches wide, and 10 thick. The ten inches thickness formed, for the thirteen feet in height, a part of the seventy feet, the length of the wall. The contract, on its face, called for a wall above the basement, of the dimensions agreed on, built of brick; not one partly of brick and partly of stone, or any other material. The defendant had a right to just such a wall as he had contracted for, and the plaintiff had no right to substitute for it one differing in any essential particular, either in respect to dimensions or material, although it might be as good as the one contracted for. The wall with the stone pilaster may be what, in the custom of

the business of building in the place where this was to be built, is regarded as a brick wall. If so, the contract was performed. But the court did not allow that point to go to the jury.

Order reversed.