DAVID N. TAYLOR v. JAMES P. MARCUM.[1]

February 14, 1895.

No. 9196.

**Performance of Contract—Evidence.**

> The contract forming the subject-matter of this action construed, and the evidence as to performance of the contract by the appellant considered. *Held* that, upon the admitted facts and evidence, there was not a substantial compliance with the contract by the appellant so that he can recover.

From the judgment of a justice of the peace in favor of plaintiff in an action upon a contract for the recovery of $20, defendant appealed to the district court for Polk county. The substance of the contract is stated in the opinion. At the trial in the district court with a jury, Ives, J., the court refused to direct a verdict either for plaintiff or for defendant. The jury returned a verdict for defendant. From an order denying plaintiff's motion to vacate the verdict and for a new trial, plaintiff appealed. Affirmed.

*A. A. Miller* and *Ray S. Reid*, for appellant.

*H. Steenerson*, for respondent.

START, C. J. The parties hereto, at Crookston, on May 29, 1890, entered into a written contract, the material provisions of which are substantially as follows: That Taylor (the appellant) agrees to build 20 grain bins in this city, each capable of storing 500 bushels of wheat, and maintain them 10 years, subject to accidents from the elements, allowing time to rebuild if destroyed, in one of which Marcum (the respondent) may store for shipment his farm product at any time when not in use by others, and, if so occupied, may enter his name for use of bin as soon as one is vacant, and shall be entitled to his regular turn as his name appears in the list. In place of bins heretofore mentioned, bags may be furnished in which to store each car separately, at same price as herein stated for bins. He may use the bin for four consecutive days for the sum of five dollars, and for any longer time shall pay one dollar for each additional day or part thereof if it is needed for others. Taylor fur-

[1] Reported in 62 N. W. 330.

ther agrees to do the clerical work of shipping such produce, receiving and paying over the money it brings, after deducting expenses of same, retaining for such four days' storage and clerical service the sum of five dollars. He also further agrees to act as agent for Marcum in procuring seed grain, charging him purchase price, traveling and transportation expenses, but nothing for time, provided Marcum deposits with Taylor the current price of the grain he orders. Taylor further agrees to keep a record on file of any property Marcum may wish to sell, which record shall be open to the public, free. In consideration of Taylor or his representative hoiding himself ready to perform such service, obtaining grain, and keeping such record, Marcum agrees to pay Taylor, or his representative, $10 on November 15 in each and every year for 10 years. The complaint in this action sets out this contract in full, and alleges that the plaintiff at all times performed all the stipulations and agreements in the contract agreed to be performed, and has ever held himself ready to do and perform the same on request of the defendant, and that the defendant has not paid the $10 for the years 1892 and 1893, respectively. The answer admits the making of the contract, and denies all of the other allegations of the complaint. There was a jury trial of the cause, with a verdict for the defendant. From an order denying his motion for a new trial the plaintiff appealed to this court.

The only issue, under the pleadings, was whether or not the plaintiff had substantially performed all of the stipulations of the contract on his part which were the consideration for the defendant's promise to pay the $10 each year for 10 years. The burden of proving such performance was upon the plaintiff. G. S. 1894, § 5250. It is conceded by counsel for the plaintiff that, under the admitted facts and undisputed evidence in this case, it was a question of law for the court whether such performance had been shown or not, and that a verdict should have been directed either for plaintiff or for defendant. This is correct, and the question for which party the verdict should have been directed depends upon the construction to be given to the contract. The contract is unique in many particulars, and its meaning somewhat obscure. It must be construed with reference to the manifest intention of the parties, and its language be read so as to give effect to such intention, and

not to defeat it, if the words used will reasonably bear such a construction. It is perfectly apparent on the face of the contract that the primary purpose of the defendant in entering into the contract was to secure the right and privilege of obtaining at a reasonable charge the necessary facilities for storing his grain by itself, and shipping and marketing it himself. In short, he agreed to pay $10 a year to secure at a reasonable rate facilities for marketing his own grain. To secure this result the plaintiff agreed to build 20 grain bins, each of the capacity of 500 bushels, and maintain them for 10 years, in one of which the defendant should have the right to store for shipment his farm product. The contract is silent as to where or how the bins were to be built. The details of construction and location are left by the contract to the discretion of the plaintiff, but the law implies the obligation on his part to so construct and locate them that when completed they would be reasonably fit for the purposes they were intended for by the parties, viz. to furnish reasonable facilities for storing and shipping grain. The plaintiff was bound so to locate and to construct them. It is claimed, however, that the plaintiff was not bound to build or maintain any bins under this contract. This claim is based upon the provision of the contract to the effect that, "in place of bins heretofore mentioned, bags may be furnished in which to store each car separately, at same price as herein stated for bins." This clause is not to be construed literally and as an independent provision, but in harmony with all the other terms of the contract. So construed, it means either that the defendant may have his grain stored in the warehouse, where the bins are, or in bags, at his option, at the same rate per car as for bins; or that the plaintiff, in case he has no vacant bins, may place the grain in bags, and charge the same rate per car load as for bins. We need not decide which is the correct construction, for either is fatal to the claim of the plaintiff that it was optional with him to build and maintain bins or not. The contract provides, after stating the agreement of the plaintiff to build and maintain the bins, to do the clerical work of shipping the grain, to act as agent, if requested, in purchasing seed grain, and to keep a sale record, that in consideration of Taylor holding himself ready to perform such service, obtaining grain, and keeping such record, Marcum agrees to pay $10 per year. Holding

himself ready to perform what service? For what service was the defendant to pay him $10 per year? Certainly not for the clerical work, for this is included in the provision for the payment of five dollars for storage and clerical work. Not for the services subsequently mentioned in the contract, for which compensation is therein provided. Not for obtaining grain and keeping the record, for they are expressly mentioned. The words, "holding himself ready to perform such service," can and do refer only to the building and maintaining 20 grain bins, whereby the defendant could secure, at reasonable rates, reasonable facilities for storing and shipping his grain. The contract must be construed as requiring the plaintiff to build and maintain 20 grain bins, so located and constructed as to afford such reasonable facilities for storing and shipping grain, thereby holding himself in readiness to furnish the defendant such bin and facilities on his application and payment of the stipulated charges. A substantial performance on the part of the plaintiff of these terms of his contract was a condition precedent to his right to recover. There is no claim that the plaintiff ever performed such condition, for it is admitted that he never built or maintained any of the 20 bins. The most that is claimed in this respect is that he rented a building, wherein he was ready to provide bins or bags. This building was located away from the railroad, and was without any facilities for shipping grain. If this was a case where there had been a substantial, but not a technical, performance of the contract on the part of the plaintiff, and the defendant had received and retained the benefits of such performance, the defendant could not insist on such technical failure to perform as a defense, but would be limited to alleging and proving his damages by way of counterclaim or recoupment. Leeds v. Little, 42 Minn. 414, 44 N. W. 309; O'Dea v. City of Winona, 41 Minn. 424, 43 N. W. 97. But such is not this case, for upon the admitted facts and evidence we hold that there was not a substantial performance by the plaintiff in this case of his contract, and he cannot recover. Bixby v. Wilkinson, 25 Minn. 481; Belt v. Stetson, 26 Minn. 411, 4 N. W. 779; Elliott v. Caldwell, 43 Minn. 357, 45 N. W. 845. It follows from this conclusion that the alleged errors of which plaintiff complains were harmless, and the verdict right.

Order affirmed.