CHARLES V. VASSAU and Another v. JAMES CAMPBELL and Another.

February 13, 1900.

Nos. 11,849—(40).

### Appeal—Certificate of Trial Judge.

The certificate of the trial judge upon the return of a record into this court is not necessarily conclusive, but resort may be had to the entire record to ascertain whether it contains all the evidence.

### Same—All the Evidence.

A certificate of the trial judge that the case is "a true statement of the proceedings, * * * and the same are hereby made the settled case," held, in connection with the record returned herein, to show that the whole evidence is before this court for review.

### Sale of Cattle of Certain Age—Tender.

Where a contract provides that the tender of a bunch of cattle of a certain age shall be made at a specified time, an offer of cattle older than the specified age, though perhaps of more value, will not satisfy the terms of such contract.

### Same—Fair Average.

Where it is provided that a bunch of cattle of average quality shall be tendered between a maximum and minimum condition, at least more than one-fourth should be above the minimum grade, to comply with the terms of the contract.

### Verdict not Sustained by Evidence.

The evidence in this case is insufficient to sustain the verdict.

Action in the district court for Polk county to recover $507.50 damages for breach of contract. The case was tried before Watts, J., and a jury, which rendered a verdict in favor of defendants. From an order denying a motion for a new trial, plaintiffs appealed. Reversed.

*Van R. Brown*, for appellants.

*H. Steenerson*, *W. E. Rowe* and *B. S. Bennett*, for respondents.

LOVELY, J.

This action is for damages for the alleged failure by defendants to deliver to the plaintiffs fifty head of "good, average cattle,"—yearlings not less than ten months old, raised in the Thirteen Towns and vicinity,—according to the terms of a written contract, under which the plaintiffs had paid $250, and afterwards had paid $7.50 as a consideration for a short extension. The defense was that at the time agreed upon for delivery of the cattle the defendants properly tendered a bunch of cattle that complied with the terms of the contract, and that plaintiffs refused to accept them, which was denied by plaintiffs, who contended that the cattle were not of the quality bargained for. The case was tried before a jury, who returned a verdict for defendants. Upon motion therefor, the trial court refused a new trial, and plaintiffs appeal from the order denying the same.

The only assignment of error which we can consider involves the sufficiency of the evidence to sustain the verdict, and defendants' counsel at the outset deny that the certificate of the trial court upon the return warrants this inquiry, for the alleged reason that it does not show that all the evidence is transmitted to this court for review. The objection is predicated on the certificate of the trial judge, which is in the following words:

I hereby certify that the "hereto attached proposed case and amendments allowed as aforesaid are a true statement of the proceedings and evidence in the above entitled action, and the same are hereby made the settled case herein."

The point made is that the certificate of the judge does not in so many words declare that all the evidence is included in the case. We hold that it must appear that all the evidence is returned to enable us to review its sufficiency to sustain the verdict, but it does not follow that the judge's certificate is necessarily conclusive as to that fact. Acker Post v. Carver, 23 Minn. 567; Coleman v. Reierson, 36 Minn. 222, 30 N. W. 811. The whole record may be considered for the purpose of ascertaining whether the evidence

upon which the jury acted is before the court. And we think, from our examination, this record,—which contains apparently a full transcript from the stenographer's notes,—as a proposed case, with amendments covering the entire range of proof therein, which was acted upon and settled by the trial court, sufficiently shows that all the evidence submitted to the jury on the trial is before us, and that we are authorized to review the same. Leggett v. Grimmett, 36 Ark. 496, 500; Robinson v. Hartridge, 13 Fla. 501; Ironwood v. Harrison, 75 Mich. 197, 42 N. W. 808.

We are quite clear that the evidence in two important respects does not sustain the verdict. The contract provided as follows·

"The parties of the first part agree to sell and deliver to said second parties fifty head or more of yearling cattle, to be not less than ten months old at the time of delivery. * * * Said cattle may consist of heifers and steers, and are to be of good average cattle of such age raised in the Thirteen Towns" [a well-known locality of that country].

It was shown by the evidence that among dealers in cattle in that vicinity the term "yearling" had a well-defined meaning, viz., cattle from ten months to eighteen months of age. It must be held that the parties contracted with reference to this term as generally understood, and, so construed, the defendants agreed to deliver at least fifty head of cattle—steers and heifers—averaging in age from ten to eighteen months. A bunch of fifty cattle was in fact tendered, but less than a fourth were over ten months old, and six of these were bulls. This would not be a compliance with the terms of the contract. So many ten-months cattle, but little better than calves, did not constitute in the whole bunch a fair average; and as further provided by the contract, and held by the court in the charge, the furnishing of the bulls instead of heifers or steers did not meet the requisites of the contract either. It is true that the defendants offered six two year olds in the place of the bulls, but the plaintiffs might have had their own reasons for demanding a strict compliance with the contract, and they had a right to insist on the same against a different compliance in any respect, which defendants were trying to make. Bixby v. Wilkinson, 25 Minn. 481.

The evidence leads very strongly to the view that defendants, who had received $257.50 on the contract, were perfectly willing that plaintiffs should refuse to accept the bunch of cattle, and were not really in good faith disposed to render more than a bare technical compliance with its terms, and there is not sufficient proof that they did even this. The defendants themselves admitted that there were only fifty cattle in the bunch they tendered, of which six were bulls, and described as stated above; but afterwards one witness, who saw the herd which was said to have been tendered three days after such tender, thought there were from fifty to seventy-five head, and the theory of defendants that this evidence sustains the verdict because there were more than the number required to make the tender good, is against the positive admissions of defendants themselves as to the number in the bunch at the time of the tender. This is even less than a scintilla of evidence, and cannot materialize into the shadow of proof. We cannot regard it of any value whatever in the case.

The order of the court below is set aside, and a new trial granted.