H. O. MOBLEY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

### CRIMINAL LAW—LARCENY OF ANIMALS.

Where the statute makes it a felony to commit larceny of "any * * * cow, bull, ox, steer, heifer or calf," an information charging the larceny of one cow is not sustained by proofs showing, without dispute, that the animal stolen was a three or four-years old steer.

This case was decided by the court En Banc.

Writ of Error to the Criminal Court of Record for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Macfarlane & Davis,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

TAYLOR, J.—The plaintiff in error was informed against, tried, convicted and sentenced in the Criminal

Court of Record of Hillsborough County for the larceny of one cow, and brings the case here for review by writ of error.

The information is predicated upon Section 3299 of the General Statutes of 1906, that provides as follows: "Whoever commits larceny by stealing any horse, mule, mare, filly, colt, cow, bull, ox, steer, heifer or calf, the property of another, shall be punished by imprisonment in the State prison not less than two years nor more than five years." It charged the defendant with the larceny of "one cow, a further description whereof is to the solicitor unknown." The proofs adduced at the trial, without any conflict, showed that the animal stolen was a three or four years old steer.

The defendant requested the court to instruct the jury as follows: "It is incumbent upon the State of Florida to prove every material allegation in the information in this case upon which the defendant is being tried and if the jury believe from the evidence in this case that the said animal alleged to have been stolen was a steer and not a cow, the jury must acquit the defendant." But the court refused to so instruct the jury, and this refusal is assigned as error. This ruling was error.

The statute under which the information was laid, recognizes a difference and a distinction between a cow and a steer, as there is in fact, the one being a full grown female of the bovine genus, the other being a castrated male of the same genus. And where, as in this case, the information charges the larceny of a cow the crime cannot be made out by proof of the larceny of a steer. The King v. Cook, 1 Leach C. L. 105, S. C. 2, East P. C. 616; State v. Lange, 22 Tex. 591; State v. M'Lain, 2 Brevard (S. C.) 443; State v. McMinn, 34 Ark. 160; Territory v. Marinez,—Arizona,—44 Pac. Rep. 1089; State v.

Royster, 65 N. C. 539; Cameron v. State, 9 Tex. App. 332; Courtney v. State, 3 Tex. App. 257.

The variance between the allegation and the proof was fatal to the State's case, and the requested charge should have been given. The judgment of the court below in said cause is hereby reversed at the cost of Hillsborough County.

All concur except PARKHILL, J., who took no part because of illness.