BEN P. JONES, *Plaintiff in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

1. A description of stolen property as "one female animal of the bovine species, nearly two years old," alleges with sufficient accuracy that the animal was a cow or heifer and satisfies Gen. Stats. Sec. 3299.

2. An admission by the accused in open court of facts showing venue is sufficient proof thereof.

3. The claimant of an animal alleged to have been stolen may testify as to where and by whom the animal was raised.

4. When the sentence imposed is below the minimum fixed by law, the case will be sent back for proper sentence.

Appealed from the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Calhoun & Campbell,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

COCKRELL, J.—Jones was convicted of stealing "One female animal of the Bovine species, nearly two years of age, with a white body and red head, and without horns, marked swallow fork in one ear and underbit in the other ear, a more particular description of same being to the Grand Jurors unknown, the property of one R. Wardlow."

It is here insisted that the indictment should have been quashed because no value of the animal is given, if the indictment proceeds under the general statute against larceny and if under General Statutes, section 3299, set out at length in Mobley v. State, 57 Fla. 22, 49 South. Rep. 941, directed against horse and cattle stealing, it fails to allege that the animal stolen was a "cow, heifer, calf, steer or what." The indictment sets out the sex and age of the animal, so that it could only be a cow or heifer, both of which are named in the statute, the theft of either being identically the same crime with the same penalty and irrespective of value. The word "bovine" comes from the Latin word *"bos,"* meaning ox or cow, and in common

parlance applies only to those well known domestic animals, which have so long supplied the people of this country with both meat and drink. The accused could not possibly have been misled or endangered by the description of the animal and in fact was not, as it is clearly shown the sole question was whether he had bought the particular cow or heifer from Wardlow.

We fail to see how it can be seriously contended that there is a total failure to prove the venue, when the accused in open court admitted that he took this identical animal in Jackson county and then and there sold her. Needless to say no authority is cited to the proposition that an open admission of such fact dispenses with the necessity for other evidence.

Two other assignments upon the evidence are also without merit. A question addressed to the alleged owner of the animal as to where and under whose control the animal was raised, calls for a relevant fact within his knowledge, not for an opinion. Nor does harmful error appear from a refusal to strike evidence admitted apparently without objection which is objectionable only in that it was largely negative and irrelevant.

It was peculiarly within the province of the jury to decide whether Wardlow or Jones told the truth, and we are not disposed to interfere.

Our attention is directed both by the plaintiff in error and the State to the fact that the sentence imposed by the Court upon the verdict was below the minimum fixed by the statute; we are, therefore, constrained to reverse the cause in order only that a proper sentence be imposed. Webster v. State, 47 Fla. 108-117, and cases cited.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and HOCKER, J. J., concur.