JOHN MATHIS, *et al.*, *Plaintiffs in Error*, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Opinion Filed July 13, 1915.

1. Assignments of error predicated upon alleged facts and rulings that are not disclosed by the record cannot be considered by an appellate court.

2. An assignment of error based upon the refusal of the court to give a requested charge can not be considered by the appellate court where the transcript does not show except by the motion for a new trial that such a charge was requested, as the motion is not self-supporting.

3. Where a requested charge is refused it must be set out in the bill of exceptions with the refusal to give it and the exception taken thereto. The refusal to give a requested charge should be excepted to at the refusal and can not be excepted to in a motion for a new trial.

4. Where the information charges the larceny of a heifer and the testimony shows that the animal stolen was a female "calf about a year and a half old and still sucking," this does not constitute a fatal variance, especially where the trial court did not find it prejudicial to the defendants or material to their defense.

5. Under Section 3299 of the General Statutes of Florida, the penalty thereby prescribed follows the larceny of any of the domestic animals therein named, regardless of their value. In such cases where the grade of the offense or the penalty prescribed therefor is not measured by or dependent upon the value of the property stolen, but is determined entirely by the class or species of such property, it is not necessary in an indictment charging its larceny to allege any value; neither is it necessary to prove any value.

6. Words in an indictment, that are not necessary or essential to describe or charge the offense, and that not descriptive of any matter necessary to be proved, and that may be dispensed with without destroying or materially changing any essential allegation in such indictment, may be rejected as surplusage.

7. In determining the correctness of charges and instructions, they should be considered as a whole; and if, as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail.

Writ of error to the Criminal Court of Record, Hillsborough County; Lee J. Gibson, Judge.

Judgment affirmed in part.

*Dozier A. DeVane,* for Plaintiffs in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

SHACKLEFORD, J.—An information was filed against John Mathis, A. C. Harrison and J. C. McDonald, charging them with the crime of larceny of a heifer. A trial was had before a jury, which resulted in a verdict of guilty being returned against all three defendants, who attempted to bring the case here for review, but we had to dismiss the writ of error for want of a final judgment. Mathis v. State, 67 Fla. 277, 64 South. Rep. 944. Upon the going down of the mandate, the trial court sentenced John Mathis and A. C. Harrison each to confinement in the State prison at hard labor for a period of two years. The transcript recites that "J. C. McDonald not appearing, his bond was estreated and a capias issued for his re-

arrest." Another writ of error was sued out on behalf of and in the names of all three defendants, but such writ must again be dismissed as to J. C. McDonald for want of any final judgment as to him. Assignments of error have been filed by all three defendants, though John Mathis alone has submitted briefs. We might of our own motion dismiss the writ of error as to A. C. Harrison for his failure to file briefs in accordance with the requirements of Rule 20, adopted the 18th day of July, 1908, and found prefixed to 55 Fla. and 45 South. Rep., but, since no motion to dismiss has ben filed by the State and we have acquired jurisdiction of A. C. Harrison, we shall treat the brief as submitted on behalf of him as well as John Mathis.

Eighteen errors are assigned, but we shall not discuss them in detail and shall consider only those which we think merit treatment. Some of the errors assigned have no basis in the transcript, therefore are not before us for consideration. As we held in Smith v. State, 65 Fla. 56, 61 South. Rep. 120, assignments of error predicated upon alleged facts and rulings that are not disclosed by the record cannot be considered by an appellate court. As we have repeatedly held, an assignment of error based upon the refusal of the court to give a requested charge cannot be considered by the appellate court where the transcript does not show except by the motion for a new trial that such a charge was requested, as the motion is not self-supporting. Where a requested charge is refused it must be set out in the bill of exceptions with the refusal to give it and the exception taken thereto. The refusal to give a requested charge should be excepted to at the time of the refusal and cannot be excepted to in a motion for a new trial. See Clark v. State, 59 Fla. 9, 52 South.

Rep. 518, and authorities there cited, and Smith v. State, *supra*. In accordance with this holding, we can consider none of the assignments predicated upon requested and refused instructions.

It is strenuously urged that there is a fatal variance between the information and the proof adduced at the trial in that the information charges the defendants with the larceny of a heifer, while "the testimony discloses the theft of one calf." To this contention we cannot agree. It is true that the information charges the larceny of a heifer and the testimony shows that the animal stolen was a female "calf about a year and a half old and still sucking." The statute upon which the information evidently was based in Section 3299 of the General Statutes of Florida, which reads as follows: "Whoever commits larceny by stealing any horse, mule, mare, filly, colt, cow, bull, ox, steer, heifer, or calf, the property of another, shall be punihsed by imprisonment in the State prison not less than two years nor more than five years." It is true that in Mobley v. State, 57 Fla. 22, 49 South. Rep. 941, 17 Ann. Cas. 735, which is cited to us by the pliantiffs in error, we held as follows: Where the statute makes it a felony to commit larceny of "any * * * cow, bull, ox, steer, heifer or calf," an information charging the larceny of one cow is not sustained by proofs showing, without dispute, that the animal stolen was a three or four-years old steer. We do not think that this cited case supports the contention of the plaintiffs in error. Undoubtedly there is a well recognized distinction between a cow and a steer, as is pointed out in the cited cases and the authorities therein collected. A heifer has been defined by the different lexicographers as "a young cow" and it has been held that "proof of the theft of a

'heifer' under an indictment charging the larceny of 'a cow' is not a fatal variance where the trial court did not find it prejudicial to the defendant or material to his defence. State v. Crow, 107 Mo. 341, 17 S. W. Rep. 745, in which case the testimony showed that the heifer was two years old. See also Parker v. State, 39 Ala. 365; Garvin v. State, 52 Miss. 207; People v. Soto, 49 Cal. 67; State v. Minnick, 54 Ore. 86, 102 Pac. Rep. 605. We would also refer to the note to Mobley v. State, found on page 735 of 17 Ann. Cas. In People v. Soto, *supra*, "the defendant was indicted for stealing a cow, and the proof was that the animal alleged to have been stolen was a heifer, about one and a half years old." In the instant case the testimony showed that the animal alleged to have been stolen was about a year and a half old, and was referred to by the prosecuting witness in his testimony both as a calf and heifer. As a matter of fact as well as in law, no hard and fast line of demarkation can be drawn between a cow, a heifer and a female calf. We frankly concede that the authorities are not in entire harmony upon the point now under consideration, but we believe that the conclusion which we have reached and announced is supported by the better reasoned cases. See also our discussion in Jones v. State, 64 Fla. 92, 59 South. Rep. 892, L. R. A. 1915 B 71, where a valuable note will be found appended, collecting many authorities. In the instant case, as in the cited case, "the accused could not possibly have been misled or endangered by the description of the animal," nor do we see how they could have been surprised by the proofs adduced.

It is further contended that, as the information alleges the value of the animal with the larceny of which the defendants were charged as being twelve dollars, the

information was not based upon Section 3299 of the General Statutes, which we have copied above, but upon Sections 3288 and 3289 of such statutes, therefore the defendants could only have been found guilty of the crime of petit larceny and sentence imposed accordingly. Again we find ourselves unable to agree with the defendants in their contention. The information distinctly charges the defendants with the larceny of a heifer, which is one of the animals specified in Section 3299, which formerly was Section 2449 of the Revised Statutes. As we held in Mizell v. State, 38 Fla. 20, 20 South. Rep. 769, under Section 2449 Rev. Stat. the penalty thereby prescribed follows the larceny of any of the domestic animals therein named, regardless of their value. In such cases where the grade of the offense or the penalty prescribed therefor is not measured by or dependent upon *the value* of the property stolen, but is determined entirely by the class or species of such property, it is not necessary in an indictment charging its larceny to allege any value; neither is it necessary to prove any value. The allegation as to the value of such animal may therefore be regarded as surplusage. See Padgett v. State, 40 Fla. 451, 24 South. Rep. 145; Eggart v. State, 40 Fla. 527, 25 South. Rep. 144; Peeples v. State, 46 Fla. 101, 35 South. Rep. 223, 4 Ann. Cas. 870.

The correctness of certain specified portions of the general charge of the court is also questioned. Suffice it to say that when such portions of the charge are considered in connection with the entire charge no error appears therein. See Davis v. State, 54 Fla. 34, 44 South. Rep. 757; Lewis v. State, 55 Fla. 54, 45 South. Rep. 998; Tully v. State, decided here at last term.

We have carefully examined all the evidence adduced

and are of the opinion that it is sufficient to support the verdict. No useful purpose could be accomplished by setting forth or discussing the evidence. We would refer to Flowers and Lyles v. State, decided here at the last term.

The judgment must be affirmed as to John Mathis and A. C. Harrison, and the writ of error dismissed as to J. C. McDonald.

TAYLOR, C. J., and COCKRELL and ELLIS, JJ., concur.

WHITFIELD, J., absent.