S. B. SMITH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed July 13, 1917.

An indictment for larceny of a branded animal need not allege or describe the brand; but, when the brand is alleged as descriptive of the animal, the proof must correspond with the allegation and a variance between the allegation and the proof is fatal and will vitiate a conviction.

Writ of Error to Circuit Court for Alachua County, J. T. Wills, Judge.

Judgment reversed.

*Thos. W. Fielding* and *W. S. Broome* for Plaintiff in Error;

*T. F. West*, Attorney General, and *C. O. Andrews*, Assistant, for the State.

SHACKLEFORD, J.—An indictment was returned against S. B. Smith charging him with the larceny of a cow, the description of which is alleged therein as follows: "One cow marked under-slope in each ear; branded 'T'—a better description of which said animal is to the grand jurors unknown of the property of O. L. Feaster." The defendant was convicted and seeks relief here. Several errors are assigned, but we shall treat only such as are necessary for a proper disposition of the case. It is contended that there is a fatal variance between the allegation of the indictment and the proofs adduced, in that the animal charged to have been stolen by the defendant was alleged in the indictment to have been branded "T," while the uncontradicted evidence showed that the brand found upon the hide of the animal which was found and identified by the owner as being that of the cow which he had stolen was branded "a diamond with a T in the middle," known as the "Diamond T brand." The evidence further established that these two brands, "T" and "Diamond T," were separate and distinct brands, well-known and recognized in the neighborhood as belonging to different owners of cattle. We are of the opinion that this contention must be sustained. The case of Allen v. State,

8 Tex. App. 360, is well in point, wherein it was held: "Indictment for theft of a branded animal need not allege or describe its brand; but, when alleged as descriptive of the animal, the proof must correspond with the allegation, and a variance between the allegation and the proof is material and vitiates a conviction." Also see Crenshaw v. State, 64 Ga. 449; Robertson v. State, 97 Ga. 206, 22 S. E. Rep. 974; State v. Noble, 15 Me. 476; State v. Jackson, 30 Me. 29. Also see our own holding in Mobley v. State, 57 Fla. 22, 49 South. Rep. 941, 17 Ann. Cas. 735.

The judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., CONCUR.