## Moran *v.* State.

(Division A. June 9, 1931.)

[135 So. 209. No. 29307.]

Mize & Mize & Thompson, of Gulfport, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Cook, J.**, delivered the opinion of the court.

The appellant was convicted in the circuit court of Harrison county on a charge of grand larceny, and was sentenced to serve a term of three years in the state penitentiary; and from this conviction and sentence he prosecutes this appeal.

The indictment charged that the appellant and another took, stole, and carried away ''one certain yellow pied yearling, a better description thereof being to the grand jurors unknown, of the value of thirty dollars, in lawful money of the United States, the property of one H. J. Hickman.'' To this indictment the appellant demurred on the ground that it failed to sufficiently describe the property alleged to have been stolen. This demurrer was overruled, and the appellant assigns as error the action of the court in so doing.

The testimony of H. J. Hickman, the owner of the animal alleged to have been stolen, was to the effect that he lost a yellow pied yearling, two years old, weighing six or seven hundred pounds, which was branded with an ''H'' and ''marked with a sharp on one ear on the underside, and on the upperside with a slope, called a crop, and two underbits, and a crop and underbits in the other ear.'' The butcher to whom it was claimed the animal was sold, after it was butchered, testified that he contracted with the appellant and his codefendant to purchase from them two cows and calves, but when they delivered the beeves, they brought four large cows.

At the conclusion of the state's evidence, the appellant moved to exclude the evidence, because there was a variance between the allegations of the indictment and the proof, in that the indictment charged the stealing of

a yellow pied yearling, while the proof showed the loss of a four year old cow, branded and marked as above stated. This motion was overruled, and at the conclusion of all the evidence, the appellant requested a peremptory instruction on the ground that there was a variance between the allegation of the indictment and the proof offered in support thereof. This instruction was refused, and the appellant assigns as error the action of the court in overruling the motion of the appellant to exclude the evidence and in refusing the requested peremptory instruction.

The court will take judicial notice of the ordinary meaning attached to words of general usage in this state, and that the word "yearling," in its popular sense, means an animal of the cattle species or cow kind; and the indictment was not defective because of the use of the word "yearling" as descriptive of the animal alleged to have been stolen.

The next question presented for decision is whether or not there was a material variance between the averments of the indictment and the proof offered in support thereof, in that the indictment charged the theft of a "yellow pied yearling," a better description of which was unknown to the grand jurors, while the proof showed the loss by the owner of a four year old animal of the cow kind, weighing six or seven hundred pounds, marked as hereinbefore stated.

The leading lexicographers define the word "yearling" as meaning a "young animal past its first year and not yet two years old." In Vassau v. Campbell, 79 Minn. 167, 81 N. W. 829, it was held that in the vicinity of the transaction there involved, the proof showed that the term "yearling" had a well-defined meaning, viz., cattle from ten to eighteen months of age. Other courts have held that the word designates an animal that has reached the age of one year, but we know of no definition by court or lexicographer, or local usage or vernacular, that would authorize the use of the word as desig-

nating an animal four years old, weighing seven hundred pounds. The record and proof of the conviction of the theft of a yearling, a better description of which was to the grand jurors unknown, would not support and establish a plea of former jeopardy interposed to an indictment charging the theft of an animal four years old, weighing seven hundred pounds, and branded and marked as stated above, and testified to by the witness Hickman; and, therefore, the variance was material, and the request of the appellant for a directed verdict on the ground of a variance between allegations of the indictment, and the proof offered in support thereof, should have been granted.

The judgment of the court below will therefore be reversed, and the appellant discharged.

Reversed, and judgment for appellant.