18 So.2d 140

### HENRY v. STATE.

### 6 Div. 238.

Supreme Court of Alabama.

April 29, 1944.

488

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the petition.

Tom B. Ward, J. Monroe Ward, and Ward & Ward, all of Tuscaloosa, opposed.

BOULDIN, Justice.

The indictment, set out in full in the opinion of the Court of Appeals, described the property alleged to have been received and concealed, known to be stolen, as follows: "One jersey heifer of the value of about $20.00, one white-faced yearling of the value of about $40.00." The question is: Was the description of the second animal, "one white-faced yearling," too indefinite, and the indictment subject to demurrer on that ground. The trial court overruled the demurrer.

In its opinion, the Court of Appeals quite clearly discloses that court in accord with the trial court, if the Court of Appeals were free to deal with the question on its merits; but that, being bound by the decision of this court in Stollenwerk v. State, 55 Ala. 142, reversed the trial court.

The State, on certiorari, asks that we now overrule Stollenwerk v. State, supra.

In that case the defendant was indicted for the larceny of "a yearling, of the value of six dollars." Said this court: "Any animal in the second year of its growth is a 'yearling.' The description in the present indictment is too indefinite."

No objection to the indictment was raised on the trial of that case; but the defect was held good ground for a motion in arrest of judgment. Our statute, now Code, Title 15, § 246, saying: "in an indictment for the larceny of any animal, or for any other public offense committed in reference to any animal, it is sufficient to describe the animal by such name as, in common understanding, embraces it, without designating its sex.", was in the Code when the Stollenwerk case arose, and in identical language. Code of 1867, § 4138. So, also, was § 232, Title 15 of the present Code. Code of 1867, § 4112.

That case applied the broad, inclusive dictionary definition of "yearling" which still prevails. Webster's New International Dictionary (Sec.Ed.).

Dictionary definitions are intended to give the usual or prevailing meaning of words.

Turning to legal authorities, we observe: Cyc. defines "yearling" in the words of the Stollenwerk case, citing it as authority. 40 Cyc. p. 2378. Corpus Juris follows the same definition of "yearling" "in its broadest sense or ordinarily." 71 C.J. p. 1648.

The words of Stollenwerk v. State, supra, are set down as the first definition of "yearling" in 45 Words and Phrases, Perm.Ed., p. 651.

Turning to the decisions of our sister states dealing with indictments, we find none who have followed our Stollenwerk case.

Mississippi Supreme Court says: "The court will take judicial notice of the ordinary meaning attached to words of general usage in this state, and that the word 'yearling,' in its popular sense, means an animal of the cattle species or cow kind; and the indictment was not defective because of the use of the word 'yearling' as descriptive of the animal alleged to have been stolen." Moran v. State, 160 Miss. 598, 135 So. 209.

Louisiana: "The word 'yearling,' in its popular sense indicates an animal of the cow kind as clearly as the word 'cattle.'" State v. Majors, 131 La. 466, 59 So. 904, 905.

We have held, in effect, that while "cattle" may be used in the broad sense of "livestock," in its usual and popular sense, it means animals of the cow family. Seals v. State, 239 Ala. 5, 9, 194 So. 682.

Arkansas: "In common parlance, or in the vernacular of this state, we know that the word 'yearling' refers to an animal of the cow kind one year old, or in the second year of its age." Bell v. State, 175 Ark. 1169, 1 S.W.2d 1006, 1008.

Texas: "We take judicial notice of the ordinary meaning which words have attached to them by general usage. In the vernacular of this state 'yearlings' means animals of the cattle species, just as 'cow' does." Barron v. San Angelo Nat. Bank, Tex.Civ.App., 138 S.W. 142, 144.

If the word "yearling" was the only matter of description in this case, we would be called upon to decide whether Stollenwerk v. State should be overruled. But not so.

The indictment charges as the subject matter of one crime two young animals, one described as a "jersey heifer," the other as a "white-faced yearling," giving approximate value of each. As a surmise, the qualifying words "jersey" and "white-faced" were both probably used to denote the breed of cattle. Among many people white-faced cattle refer to the Hereford breed, pure breed or grade.

But such surmise cannot control. Any white-faced yearling calf would clearly come within the description.

In the current dictionary definitions of "yearling" it is said: "Applied chiefly to cattle, sheep and horses." Webster, supra. In Corpus Juris, supra, it is noted that "yearling" as applied to animals, has a special usage in special circles, such as cattlemen, horsemen, sheep growers. Now, to speak of a "white-faced horse" would suggest a freak to the ordinary man. A "blaze-faced" horse is quite common. See third definition of "blaze," Webster, supra. To speak of a "white-faced" sheep would provoke a laugh.

Without prolonging the discussion, we are of opinion that the reading of this indictment to an accused or before a jury and assembled citizens in the court house, in Alabama, the words "white-faced yearling," in their connotation, would evoke a spontaneous concept of a white-faced yearling calf. In the common vernacular of Alabama, such is its meaning.

It follows, the trial court was not in error, and the writ of certiorari is due to be granted. The cause will be remanded to the Court of Appeals.

If and when such an indictment uses the word "yearling" alone, the occasion will arise to decide whether Stollenwerk v. State should be overruled. Meantime, Solicitors should take care to draw indictments free from serious debate as to their sufficiency.

Writ granted. Cause remanded.

All the Justices concur.