79 So.2d 443

### George DRAKEFORD

v.

### STATE.

3 Div. 983.

Court of Appeals of Alabama.

April 5, 1955.

The appellant, George Drakeford, was tried and convicted under the following indictment:

"The Grand Jury of said County charge that before the finding of this indictment, George Drakeford feloniously took and carried away two white-faced yearlings, animals of the cow kind, the personal property of J. T. Ward, whose name is to the Grand Jury otherwise unknown, against the peace and dignity of the State of Alabama."

We have omitted formal parts.

·The only proof offered by the State in relation to the description of the animals was that the accused stole two cows.

The record presents for our review the question of whether or not this proof was sufficient to sustain the allegations of the indictment.

In the case of Stollenwerk v. State, 55 Ala. 142, the court defined a yearling as "any animal in the second year of its growth." The *fault of the indictment* was found in its failure to describe the property as "an animal of the cow kind."

In the fairly recent case of Henry v. State, 245 Ala. 487, 18 So.2d 140, the Supreme Court discussed the decision in the Stollenwerk case, but did not overrule it.

In the Henry case, the indictment charged the theft of " 'one white-faced yearling' ". The court held that this description could mean nothing but a white-faced yearling of the cow kind.

A yearling includes both sexes within the indicated age range. It follows, therefore, that a heifer, a female, would be included in this designation. 19 Words and Phrases, Heifer, p. 198.

In an indictment for the larceny of an animal it is not necessary to describe the animal by designating its sex. Marsh v. State, 3 Ala.App. 80, 57 So. 387. In this case the court stated:

"The truth is that a cow is a female of bovine animals. In its most common

Wilson Hayes, Bay Minette, for appellant.

Bernard F. Sykes, Asst. Atty. Gen., Robt. Straub, Atty. Gen., and Alfred W. Golthwaite, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

acceptation it is a mature female of such animals, but the general tendency among the courts is to treat the word 'cow' as including an immature female of such species, and for that reason our Supreme Court has held that a 'heifer' is a cow. Parker v. State, 39 Ala. 365."

In the case at bar if the indictment had described the animals as "heifers", unquestionably the proof would have been sufficient to sustain the allegations of the indictment.

■ We think that, since the description "two white-faced yearlings" could have included "heifers", there was not a variance by proof that two cows were stolen.

This is the only question which merits any discussion.

The judgment below is ordered affirmed.

Affirmed.