ANDERSON WESTBROOKS v. STATE OF MISSISSIPPI.

1. CRIMINAL LAW.   *Bill of particulars.   Unlawful sale of liquors.*

   A defendant charged with the unlawful sale of liquor is not entitled, at common law, to a bill of particulars, that right, in criminal cases, being confined to common barrators, common scolds, and the like.

2. SAME.   *Code* 1892, § 705.

   Code 1892, § 705, authorizing demands for bills of particulars, does not apply to criminal cases.

3. SAME.   *Evidence of defendant's character.*

   Evidence of a defendant's general good character is admissible, but the evidence should be confined to the particular trait involved in the nature of the charge.

FROM the circuit court of Pike county.

HON. WILLIAM P. CASSEDY, Judge.

The appellant, Westbrooks, was defendant in the court be-

low, was convicted, and appealed to the supreme court. The facts, out of which the questions decided arose, are stated in the opinion of the court.

*Chas. E. Williams* and *Will A. Parsons,* for appellant.

This case presents this question: Whether a defendant in a criminal case is ever entitled to a bill of particulars of the crime charged against him as a matter of right, either under the statute or at common law. The fact that the indictment does not set out the circumstances of the crime is, of course, to be taken into consideration, together with the other facts set out in the application, in determining the question.

Section 705, code of 1892, was adopted for just such cases as this, and there is no reason for confining its application to civil cases. "A statute should be construed with reference to its spirit and reason." Black on Interpretation of Laws, 48. Clearly the reasons for this statute apply as well to criminal as to civil cases. In fact, there is more reason for it in criminal cases, since the life or liberty of a citizen is more valuable than property.

Defendant was entitled, under the common law, to a bill of particulars on the showing made. Clark, in his work on Criminal Procedure, says: "Generally an indictment must be sufficiently certain to give the defendant notice of the particular charge against him, so that ordinarily a bill of particulars will be unnecessary. But there are some cases which, from the nature of the crime, may be general. Thus a person may be charged generally with being a common barrator, or common scold, or common seller of intoxicating liquors, or the keeper of a bawdy or gaming house, or a common night walker or prostitute, without setting out the particular acts relied on. In these cases it is held that the defendant may ask the court to require the prosecuting officer to furnish him with a bill of particulars, showing the acts relied upon, so that he may know what evidence he has to meet and properly prepare his defense."

" In most jurisdictions there is no distinction between civil actions, *qui tam* actions to recover penalties and criminal prosecution, in the uses and requirements of bills of particulars." 3 Enc. Pl. and Prac., 555.

*Wiley N. Nash*, Attorney-general, for appellee.

While some of the authorities seem to advance the idea that at common law a defendant in a criminal case (or, rather, in some criminal cases) may demand a bill of particulars, yet such a demand is never complied with, save when the trial judge deems it proper that further information be given defendant to prevent injustice. The application for such a bill of particulars is, even according to these authorities, addressed solely to the discretion of the trial judge, and his granting or denying the same is not open to revision on appeal. Hence, I regard it unnecessary in this case to inquire whether it falls within such authorities, so as to have justified the trial judge in granting the application. That error cannot be predicated of the ruling is settled. 2 Bishop's New Criminal Procedure, sec. 209.

Section 705, code 1892, does not, and ought not to, apply to criminal cases.

TERRAL, J., delivered the opinion of the court.

The appellant was convicted of unlawfully selling intoxicating liquors, and appeals and assigns error therein. Before the trial began, upon a proper affidavit made for that purpose, he moved the court for a bill of particulars of the charge, which the court overruled, and, upon the trial, he proposed to prove his general good character, and this evidence was rejected.

A bill of particulars, even in civil cases, was unknown to the ancient common law, and its use in later times is said to have arisen under the common law counts in actions of debt and assumpsit. 3 Enc. Pl. & Pr., 518. In criminal cases the common law required directness and particularity in the averments of the indictment, and there was no need in general for a note

of the matters to be given in evidence to be furnished to the defendant, and there was no practice of that sort except in special cases.

However, in cases of barratry, where the charge is general, merely alleging the accused to be a common barrator, without more, the practice, according to Brooke, was, before the trial, to furnish the defendant with a note of the evidence to be relied on, and the same rule prevailed in indictments for being a common scold, but of the offenses of which the charge may be so general as these, there are only a few set down in the books. 2 Hawkins Pleas of the Crown, 315. If being a common barrator or a common scold be crimes in this state, and our constitution does not require a more particular charge than anciently, doubtless a bill of particulars might be demanded. But in general all the particulars required to be given are charged in the body of the indictment, and the practice of giving the bills of particulars has been unknown among us.

Indictments for unlawfully selling intoxicating liquors, precisely like this, have been frequently before this court, and they have been uniformly held to be sufficient. We think that § 705, code 1892, does not apply to criminal cases, and that the action of the court in overruling the motion of the defendant to have himself furnished with a more particular description of the charge is correct.

Evidence of general good character is admissible in criminal cases, but the evidence relating to such general character should be confined to the particular trait involved in the nature of the charge against the defendant. The offer of the defendant was not so limited. 1 Greenl. on Ev., sec. 64; 1 Wh. Am. Crim. Law, sec. 636.

*Affirmed.*