## JUNE JEFFERSON *v.* STATE.

[59 South. 8.]

CRIMINAL LAW. *Evidence. Good character. Prejudicial error.*

On the trial of a criminal case it was error not to allow the defendant to show his good character as related to the particular crime with which he was charged and this was fatal error where the only witness against the defendant was a self-confessed blind tiger liquor seller, who was then serving a term on the county farm for the same alleged offense.

APPEAL from the circuit court of Marion county.

HON. A. E. WEATHERSBY, Judge.

June Jefferson was convicted of unlawful retailing and appeals.

See, also, 56 South, 338.

There was only one witness for the state, and defendant is the only witness on his own behalf, except that he offered as a character witness one Morris. The following questions were asked this witness. ''Q. Do you know June Jefferson? A. Yes, sir. Q. How long has he lived in Hub? A. Been there ever since I came there, about ten years ago. Q. Have you known him in Hub for ten years? A. Yes, sir. Q. Do you know what his general reputation is there, for the sale of liquor? (State objected to that question, and the court sustained the objection, and the defendant excepted.) Q. Well, do you know his reputation in the community in which he lives for being a law-abiding citizen? (State objects, the objection is sustained, and the defendant excepts.)'' On appeal, the action of the court in excluding this testimony is assigned as error.

*George B. Power* and *S. W. Davis,* for appellant.

Evidence of good character is always admissible in behalf of the defendant in a criminal prosecution. *Lewis* v. *State,* 90 Miss. 697.

In all criminal cases, whether doubtful or not, evidence of character is admissible on the part of the defendant. 34 Ill. 516.

We take it that, there will be no dispute as to this proposition of law—that the defendant had a right to introduce testimony to prove his good character.

"The rule is that where evidence touching the general character of the party is admitted, it ought manifestly to bear reference to the nature of the charge against him." *McDaniel* v. *The State,* 8 S. & M. 416.

"Evidence of general good character is admissible in criminal cases, but the evidence relating to such general character should be confined to the particular trait involved in the nature of the charge against the defendant." *Westbrooks* v. *The State,* 76 Miss. 710. This was a prosecution for the sale of intoxicating liquors, in which an effort was made to prove the defendant's good character, first for being a good, law abiding citizen and failing in that then to prove his good character for law and order; the court held, and properly so, that the offer was not limited to the particular trait involved in the nature of the charge against the defendant.

In the case at bar, the defendant was being prosecuted for selling liquors and the inquiry was as to his general reputation for the sale of liquors. The jury were entitled to have this evidence before them for what they might have thought it worth.

In the *Smothers case,* 92 Miss. 327, the court held that it was improper for the state to offer evidence that the defendant had the reputation of being a "blind tiger keeper." Why? Because the accused had introduced no evidence as to her reputation. The inference is that the accused might properly have introduced evidence in that respect and then the state's testimony would have been competent.

"According to the doctrine that obtains in most jurisdictions, the evidence of good character offered by the

defendant in a criminal prosecution must be limited to the particular trait of character involved in the commission of the crime charged.'' 3 Ency. of Ev. 20.

"In all cases where evidence is admitted touching the general character of the party it ought manifestly to bear reference to the nature of the charge against him." 1 Greenleaf on Ev. (15 Ed.), sec. 54, p. 92.

"In a criminal prosecution evidence of accused's good character is admissible only when limited to the particular trait involved in the nature of the charge. The traits of character which must be proved must depend upon the nature of the crime alleged and the moral wrong which is involved in its commission." Underhill on Criminal Evidence (2 Ed), sec. 77, p. 137, citing West-Brooks case.

For authorities holding that evidence must be applicable to the trait involved, see 20 L. R. A. p. 614 (notes).

*T. B. Davis,* for appellant.

It might have been that the court below was under the impression that we should have introduced evidence tending to prove defendant's general reputation in some way other than limiting the questions to the particular trait involved. Of course if the defendant had been charged with murder, manslaughter, assault and battery or rape we would prove his reputation by asking the witness the question, "Do you know what his general reputation is in the community in which he lives for peace or violence." In this kind of a case we could only inquire of his general reputation for the sale of liquor. In the case of *Westbrooks* v. *The State* this court speaking through Judge TERRAL said: "Evidence of general good character is admissible in criminal cases; but the evidence relating to such general character should be confined to the particular trait involved in the nature of the charge against defendant." Judge TERRAL in his opinion in this case cites among other cases, 1 Greenleave Ev., sec. 54

and 1 Whart. Criminal Law, sec. 636; *Westbrooks* v. *State,* 25 So. 491.

It would have been impossible for us to have shown appellant's character or reputation as to the sale of liquor by means of any other question, or this question in any other form. If this be true, then the only question is, whether or not a man charged with the sale of liquor can prove his reputation in that respect.

We quote from 1 Wigmore on Evidence, sec. 56: "Character being thus relevant, it follows that a defendant may offer his good character to evidence the improbability of his doing the act charged, unless there is some collateral reason for exclusion; and the law recognizes none such.

This conviction was had on the testimony of a self-confessed blind tiger, who was then serving a term on the county farm for the same offense, and his testimony for various reasons was of course weak and had the defendant been permitted by the court below to have proven his reputation as to the sale of liquor the verdict would no doubt have been otherwise than "guilty."

*Claud Clayton,* assistant-attorney general, for appellee.

In disposing of the assignment of error, I deem it necessary to notice only one of these, that is, as to the action of the court in not allowing appellant to introduce evidence to show the general good character of appellant as a law abiding citizen.

It will be observed from the record at page 23 that the district attorney objected to the form of the question. Evidence of the general good character of a person charged with crime is always admissible, and should relate to the particular trait of character applicable to the crime for which he is being tried. The state is not permitted to introduce evidence of the defendant's bad character unless evidence of his good character is first

put in evidence by himself. This, when done, is a question for the consideration of the jury, and in cases that are close upon the facts, or in cases where convictions are sought to be obtained on circumstantial evidence, it is, by the authorities, said to have great probative value.

As to whether or not the trial court below committed error in excluding the testimony offered by appellant to establish his good character as a law abiding citizen in the community where he lived, I am not prepared to say. If no error was committed by the action of the court in this particular, there is, in my opinion, no other error upon which a reversal could be predicated. That presents the only matter, in my opinion, for the consideration of this court.

WHITFIELD, C.

It was manifest error on the part of the court to exclude the testimony offered to show the good character of the defendant, as related to the particular crime with which he was charged. In the case of *Westbrooks v. State,* 76 Miss. 710, 25 South. 491, this court said: "Evidence of general character is admissible in criminal cases; but the evidence relating to such general character should be confined to the proper trait involved in the nature of the charge against the defendant." This is precisely what the counsel for defendant carefully limited this evidence of good character to, and it should have been received. The only witness against the defendant was a self-confessed blind tiger liquor seller, who was then serving a term on the county farm for the same alleged offense.

Under these circumstances, this error is fatal.

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated the judgment is reversed, and the cause remanded.

*Reversed and remanded.*