NASH *v.* SMITH.

QUICK *v.* STATE.

(Division A.   Dec. 3, 1923.).

[98 South. 108.   No. 23469.]

1. INDICTMENT AND INFORMATION.   *Defendant not entitled to bill of particulars.*

   The defendant in a criminal case is not entitled to a bill of particulars; the only information relative to the crime charged against him to which he is entitled being that set forth in the indictment.

2. CRIMINAL LAW.   *New evidence of defendant's absence when crime committed not ground for new trial.*

   Where the date of the commission of a crime proven on the trial is different from that laid in the indictment, and the defendant did not know prior thereto the date that would be testified to by the witnesses, and did not then remember where he was on that date, he will not, after conviction, be entitled to a new trial although he makes affidavit to the effect that he then remembers and knows that he was not at the place where the state's witnesses claim that the crime was committed, but was at home sick, which fact he can prove by several persons whose affidavits accompany his.

634

APPEAL from circuit court of Lauderdale county.

HON. C. C. MILLER, Judge.

Johnnie Quick was convicted of selling intoxicating liquor, and he appeals. Affirmed.

*Parker, Snow & Snow,* for appellant.

Did the court err in refusing to grant unto defendant a bill of particulars? The purpose of an indictment is to give the trial court jurisdiction and to notify the accused of the nature of the crime charged, thereby giving him an opportunity to intelligently defend himself of the accusation made.

Under the law of Mississippi the defendant has a right to know the nature and cause of the accusation, and where the indictment does not show this information, to demand it. See section 26, Const. of Miss.

The provision as to the nature and cause of the accusation is intended to secure to the accused such a specific description of the offense as will enable him to make preparation for the trial, and also such identification of the offense as may be insured against a subsequent prosecution therefor. *Noonan* v. *State,* 1 S. and M. 562; *Murphy* v. *State,* 24 Miss. 590; *Garrard* v. *State,* 25 Miss. 469; *Riggs* v. *State,* 26 Miss. 51; *Norris* v. *State,* 33 Miss. 373; *Newcomb* v. *State,* 37 Miss. 383; *Williams* v. *State,* 42 Miss. 328; *Riley* v. *State,* 43 Miss. 397; *Thompson* v. *State,* 51 Miss. 353.

By section 2098, Hemingway's Code, section 1762, of the Code of Mississippi of 1906, under an indictment for a violation of the prohibition laws of the state it is provided that "the state shall not be confined to the proof of a single violation, but may give evidence in any one or more offenses of the same character committed anterior to the day laid in the indictment," etc.

By this section of the Code it will be seen that the state under the instant indictment might have introduced in evidence testimony tending to show any number of sales

on each day anterior to February 6, 1923, and within the statute of limitations. The trial judge knew this and the representatives of the state knew it at the time defendant's motion was made, and also knew then what testimony the state relied upon for a conviction under the indictment rendered herein. The defendant swore he was innocent and that he knew nothing of the sale testified about by the state's witnesses. According to his testimony he did not know about the alleged sale and could not have, therefore, known that the state's witnesses would testify that he was guilty of a violation of the law, as shown by their testimony in the record, on October 11, 1922.

The defendant was charged with a violation of the law on the 6th day of February, 1923, yet there was not one scintilla of testimony suggesting that he was in any way connected with intoxicants on the day the grand jury accused defendant of a violation of law. Instead every word of the testimony against appellant shows that the only charge relied on was on the evening of the 11th day of October, 1922.

In most jurisdictions bills of particulars are granted alike in civil actions, *qui tam* actions to recover penalties, and criminal prosecutions. The rule is laid down in 3 Encyc. of Pleading and Practice, page 554, par. 11. It seems the courts have taken the position that the accused ought to be advised in advance of his trial of the specific acts with which he is charged and when the indictment fails to put within his possession those facts he may obtain them by request or demand for a bill of particulars. The rule is stated in 22 Cyc. 371, par. U. and in 14 R. C. L. 190, par. 36.

We wish to direct the court's special attention to the two leading cases of *Com.* v. *Snell,* 3 L. R. A. (N. S.) 1019, and *State* v. *Van Pelt,* 1 Ann. Cases, 495. It appears from the opinion in the case of *Starling* v. *State,* 43 So. 955, that our court recognized the right of a defendant in

a criminal prosecution to demand a bill of particulars, the court in that case deciding that the facts were peculiarly within the knowledge of the defendant and therefore he could not complain.

Did the court err in refusing to grant the defendant a new trial? Of course, if the court should have granted defendant a bill of particulars and failed to do so, it should have granted him a new trial. Likewise, if the quashing of the regular jury box for the year was error and if the indictment returned by the grand jury selected by the sheriff was error and should have been quashed on motion, the court should have granted defendant a new trial.

But, after defendant had been convicted in this case he filed his motion in the form of an affidavit for a new trial, which motion set forth the further fact that the defendant had discovered new witnesses and new evidence provable by said witnesses since the trial of his case, and set forth that said evidence had not been overlooked by reason of negligence on his part. The evidence which defendant discovered after his trial was his location of witnesses who knew his location and condition at the time it was testified he violated the law. That he was sick in bed in his home, a place other than the state's witnesses claimed him to be. This motion was supported by testimony in the form of affidavits of several parties and as shown by the record supported the motion as to the facts set up therein. He could not have learned these facts during the progress of the trial, not having the opportunity to check himself after the state's case was presented and before he was called upon to present his defense.

The affidavits supporting defendant's motion were not contradicted by the state, so must be taken for what they state. Certainly they show an excellent defense newly discovered by the defendant after his trial. This court has held the showing made in this case on motion for a new trial when heretofore presented to this court sufficient to justify a new trial, that defendant might have

the benefit of every defense when on trial. *So. R. Company* v. *Elder,* 110 Miss. 461; *Goard* v. *Hart,* 8 S. and M. 787; *Roundtree* v. *State,* 107 Miss. 166; *White* v. *State,* 45 So. 611; *Watson* v. *State,* 96 Miss. 369; *Buckner* v. *State,* 81 Miss. 140.

The last-mentioned case, *Buckner* v. *State,* being a case where the facts set up for a new trial were practically identical with the facts set up by the appellant in this case.

Did the court commit error in quashing the jury box for the year and in having a jury impanelled which had been selected by the sheriff, or in overruling motion of the appellant to quash the indictment returned by the grand jury selected by the sheriff after the jury box for the year had been quashed? We approach this assignment of error with a profound sense of duty toward our client. It is not our purpose here to enter into an exhaustive argument and discussion of our jury system, and the error committed by the learned circuit judge in getting rid of the regular names placed in the regular jury box by the board of supervisors, and having the sheriff select men as he desired for jury service, both grand and petit. In as brief a way as possible it is our desire to call this or these errors to the attention of the court, so that the court may express itself for the future information and guidance of the bench and bar.

As a usual thing we find this question raised by the defendant after conviction, when he has made request to have the jury box quashed. But in this instance we have the state's attorneys desiring a new set of men to try men for their liberty, and we here find men being called, whom the selecting officer could identify before being called to the temple of justice, trying this defendant.

The legislature has been very careful in authorizing the selection of jurors and in outlining the manner in which juries should be selected for the meting out of justice. It was never intended that the sheriff should have the

discretion of placing whom he desired in the jury box, or calling them in the first instance to serve on the jury, until, at least, those selected in the manner provided by law had been exhausted.

It is the supervisor who determines the fitness of the jurors as to intellect, judgment and character, and this we believe, as stated by this court in *Cook* v. *State,* 43 So. 620, is the only place in the law upon the subject of juries where it is given to anyone to exercise judgment in the selection of jurors, this power being limited even to this one body of men in a very narrow way.

The court in that case said: "It will be seen, upon a review of the entire law bearing upon this subject, that the legislature has been very careful to prescribe the method for the selection of juries, so as to take away from every person, or set of officers, the possible power of appointing the body of men who are to try any person's cause."

A careful reading of the leading Mississippi case of *Cook* v. *State,* 43 So. 619, leads us to the conclusion that this court will not sustain the lower court in its action and that the rule as laid down in said case would be done violence by any ruling other than condemnation of the quashing of the jury box in the instant case.

*H. T. Odom,* Assistant Attorney General, for the state.

In responding to appellant's first contention presented by the first and second assignments of error herein as to the action of the trial court in quashing the venire, and ordering the sheriff to summon veniremen to serve on the grand and petit juries, I rely on the decision of this court in the case of *Quick et al.* v. *State,* reported in 96 So. 737, where our court in a well considered opinion, rendered through Justice HOLDEN, upheld the action of the trial court complained of herein.

The last two assignments of error will be discussed together. They deal with the question of whether or not

appellant was denied his legal right because of the refusal by the trial court to grant a bill of particulars as to the time, place, and circumstances of the sale charged in the indictment, and further because of the overruling of his motion for a new trial on the ground of newly discovered evidence supporting appellant's alibi defense.

There is no issue as to his right to "demand the nature and cause of the accusation," but as to this, the indictment is full and complete. If the indictment states the essential elements of the crime charged it is sufficient. It was never intended that the prosecution should be hampered by being compelled to furnish a synopsis of the evidence by which it hoped to secure a conviction. And this is what the accused demanded in the case at bar in its last analysis.

The indictment in the case at bar is in the stereotyped form, approved many times by this court. It was not subject to demurrer because time is not of the essence of the offense of selling liquor, and this being true in drawing such indictment it is the uniform practice in Mississippi to fix the time as of the date the grand jury was convened. Our court has held that the accused cannot complain because of the fact that the date of sale proved on the trial differed from the date laid in the indictment. *McCarty* v. *State,* 37 Miss. 411; *Miazza* v. *State,* 36 Miss. 613; *Oliver* v. *State,* 101 Miss. 382, 58 So. 6; *Peebles* v. *State,* 105 Miss. 834, 63 So. 271.

The rule as to allowing bills of particulars is not uniform but varies in different jurisdictions as shown by quotation set out below: "The granting or refusal of such a motion rests within the discretion of the court to be exercised with reference to the circumstances of the particular case, and the ruling of the trial judge upon the motion will not be disturbed by an appellate court where such discretion has not been abused." 22 Cyc. 371-2.

"Generally, however, the granting or refusing of a motion for a bill of particulars is considered to be a mat-

ter within the sound discretion of the trial court, and it is only when! it appears that the defendant cannot properly prepare his defense without a bill of particulars, that the court will order the prosecuting attorney to furnish it." 14 R. C. L., p. 190, No. 36.

Wharton states the rule in criminal cases where accused is charged with being a common seller of intoxicating liquors in his treatise on Criminal Law, Vol. 2, Eleventh Edition, No. 1827, as follows:·

"*Bill of particulars may be required.* The requiring of a bill of particulars, on the trial of an indictment for being a common seller of intoxicating liquors, is within the discretion of the presiding judge; and his refusal to require one is not subject to exception."

The foregoing authorities recognize that three rules exist as to allowing bills of particulars in criminal cases, namely: 1. In some states a bill of particulars is not recognized in criminal cases. 2. In other jurisdictions representing by far the largest group, bills of particulars are granted in criminal cases where a failure to allow same would not permit the accused to prepare his defense, but in a majority of these states following this rule the matter of granting a bill of particulars is left to the sound discretion of the trial court and his action in this regard will not be reviewed on appeal unless the discretion has been clearly abused. 3. A third class is represented by Massachusetts alone, which grants a bill of particulars in a criminal case as a matter of right.

In the first class above mentioned, which denies altogether the right to a bill of particulars in a criminal case are found states whose supreme courts are renowned for their legal learning and ability, among which I mention Mississippi, Alabama, California, Iowa and Missouri. Yet opposing counsel have adroitly attempted to discredit the authority in our own state that holds unqualifiedly that in Mississippi bills of particulars are not allowed in criminal cases. The case to which I refer is

that of *Westbrooks* v. *State,* reported in 76 Miss. 710, 25 So. 491, which seems to me to be decisive of the question under consideration in so far as Mississippi is concerned. "A bill of particulars, even in civil cases, was unknown to the ancient common law, and its use in later times is said to have arisen under the common law counts in actions of debt and assumpsit." 3 Enc. Pl. and Pr., 518.

Among the authorities holding that the matter of granting a motion for a bill of particulars in a criminal case is within the sound discretion of the trial court are the following: 4 Stand. Ency. of Procedure, 386; *State* v. *Bacon,* 41 Vt. 526, 98 Am. Dec. 616; 2 Bishop's New Crim. Proc., par. 643; 2 Wharton's Crim. Law (11 Ed.), par. 1827; *DuBois* v. *People,* 200 U. S. 157, 65 N. C. 658, 93 Am. St. Rep. 183; *Moens* v. *U. S.,* 267 F. 317; Hughes Crim. Law and Proc., 32——829; *State* v. *Briggs* (Kas.), 86 Pac. 447, 7 L. R. A. 278; *Mayar* v. *U. S.,* 259 F. 216.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for the sale of intoxicating liquor. The court overruled a motion by the appellant to quash the indictment, for the reasons that—"The body returning the same was not and is not a duly organized or impaneled grand jury as provided by law, in that the regular legal and proper jury box of Lauderdale county, Miss., existing on the first Monday of February, 1923, as well as the names legally drawn therefrom to constitute the grand jury for this court, was illegally quashed, and the grand jury or supposed grand jury was illegally drawn by the sheriff of Lauderdale county."

This motion was properly overruled, for the evidence in support of it is the same as that in support of a similar motion in *Quick* v. *State* (Miss.), 96 So. 737.

The indictment is in the usual form, charging simply that the appellant, "on the 6th day of February, 1923, did unlawfully sell vinous, spirituous, malt, alcoholic, and

intoxicating liquors," etc.    The appellant moved the court for a bill of particulars setting forth "the time, place, and circumstances relied upon in this charge and the parties present," etc.    The motion was overruled.

After the rendition of a judgment against him the appellant moved for a new trial on the ground that the date testified to by the prosecuting witnesses as that on which he sold the liquor was October 11, 1922, which fact he ascertained for the first time when testified to by the witnesses, and that he did not then remember where he was on that date, but now remembers, and knows that he was not at the place where the sale is said to have been made, but was at home in bed sick, which fact he can prove by several witnesses whose affidavits to that effect were also filed with the motion.    This motion was also overruled.

The defendant in a criminal case is not entitled to a bill of particulars; the only information relative to the crime charged against him to which he is entitled being that set forth in the indictment.    *Westbrooks* v. *State,* 76 Miss. 710, 25 So. 491.

It logically follows from the rule that the date of the commission of a crime laid in the indictment is not material, and that a date may be proven on the trial different from that laid in the indictment; that a defendant is not entitled to any indulgence because the date of the commission of the crime with which he is charged that is proven is different from that alleged in the indictment. It may be that the defendant is entitled to a temporary delay in the trial or to some other indulgence because of such a variance between the indictment and the proof if a request therefor is made at the time the variance is made to appear as was intimated in *Peebles* v. *State,* 105 *Miss.* 834, 63 So. 271; but we are not confronted with any such question here, and consequently express no opinion relative thereto.

*Affirmed.*