McDANIEL *v*. STATE.

(In Banc.   Nov. 10, 1941.)

[4 So. (2d) 355. No. 34700.]

**F. D. Hewitt**, of McComb, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

Argued orally by F. D. Hewitt, for appellant, and by R. O. Arrington, for appellee.

Griffith, J., delivered the opinion of the court.

Appellant was convicted in the county court upon an affidavit made by the county attorney charging appellant with the sale of intoxicating liquor. A few days before the trial appellant moved the court to require the prosecuting attorney to furnish the names of the witnesses intended to be introduced in behalf of the state, and the particulars as to the time and place of the alleged sale, and the persons present. This motion was overruled.

On the day of the trial appellant moved for a continuance on the ground that because not furnished with the

information sought by the aforesaid motion, and having failed to obtain it otherwise after diligent effort, she had been unable to prepare her defense. This motion was overruled. The action of the court upon these motions is the basis of the first three assignments of error.

We have heretofore ruled in several cases that the defendant in a criminal case is not entitled to a bill of particulars. Westbrooks v. State, 76 Miss. 710, 25 So. 491; Quick v. State, 133 Miss. 634, 98 So. 108; Sanders v. State, 141 Miss. 289, 105 So. 523. And in the absence of a statute so requiring, the State is not bound to furnish to a defendant the names of the state's witnesses. 14 Am. Jur., pp. 913, 914, and the authorities therein cited. There is no such statute in this state.

We have examined the other assignments and do not find sufficient therein to require a reversal.

Affirmed.