JONES *v.* STATE.

Nov. 10, 1952

No. 38455          7 Adv. S. 11          60 So. 2d 805

*A. D. Somerville* and *B. C. Green,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

ARRINGTON, J.

The appellant, Richard Jones, was jointly indicted with Isom Summit on a charge of knowingly receiving stolen property. Severance was granted and appellant was tried, convicted and sentenced to five years in the state penitentiary, from which judgment he appeals.

E. L. Burnside, Charlie King, and Willie Kennedy testified on the part of the state that they stole six sacks of fertilizer, the property of R. N. Bond, who lived about four or five miles east of Cleveland. All of them had been previously convicted of stealing fertilizer, Burnside being sentenced to the penitentiary and King and Kennedy to the county farm. Burnside testified that he, Kennedy, and King, after they stole the fertilizer, carried it to Mound Bayou in the night time, where they met Summit and asked for the man who bought fertilizer; that Summit directed them to the appellant's house; that he went there where he found the appellant in bed; that the appellant asked him if the fertilizer was ''hot'', and he told him that it was ''hot'' or stolen; that the appellant offered him $2.50 a sack, telling him to take it down to the gin and keep his mouth shut; that he and the others, together with Summit, carried the six sacks of fertilizer to the gin and placed it on the gin platform about 9:30 or 10:00 o'clock that night. The appellant admits and the record shows without dispute that Summit was working for him. Mr. Bond testified that about fifty sacks of Lion Brand, ammonium fertilizer was stolen from him in February, 1951, and that this fertilizer was 21 per cent nitrogen,

valued at $3.50 per sack. The appellant testified in his own behalf, and admitted that the witness Burnside came to his home on the night in question; that he was in bed and that he told him if there was anything wrong with the fertilizer, he didn't want it; that he made the deal with Burnside and told him to leave it at the gin. The appellant also testified that he had been in the fertilizer business for seven or eight years; that he bought fertilizer in car load lots and from trucks, that he was manager of the gin and stored the fertilizer there. He first denied buying any fertilizer from Burnside but later admitted that he did buy it. Upon investigation of the crime, Burnside went with the officers to the gin and pointed out some of the sacks which he claimed to have put there.

The appellant first argues that the court erred in overruling the demurrer to the indictment. The indictment, omitting the formal parts, is as follows: ". . . . knowingly, wilfully, unlawfully and feloniously buy, take and receive certain personal property, to-wit: six sacks of ammonium nitrate of the total value of thirty dollars in good and lawful money of the United States of America, of the goods, chattels, and personal property of R. N. Bond, which said six sacks of ammonium nitrate was then and there stolen property, and which then and there had been, and which they, the said Richard Jones and Isom Summit, then and there well knew had lately before been unlawfully and feloniously taken, stolen, and carried away."

(Hn 1) The grounds of the demurrer were that the indictment was vague, uncertain and indefinite, that the description of the property was insufficient and that he would not be able to plead former jeopardy if he was convicted on the charge. We think that the words "six sacks of ammonium nitrate" as used in the indictment were a sufficient designation and description of the property charged to have been stolen. Ammonium nitrate, has a

well defined meaning as given in Webster's New International Dictionary, 2d edition, Unabridged: "A colorless crystalline salt, $NH_4$ $NO_3$, formed by the union of ammonia and nitric acid, and in other ways. It is an ingredient of many explosives, and is also used as a fertilizer."

In the case of Henry v. State, 18 So. 2d 140 (Ala.), the Court said: "Dictionary definitions are intended to give the usual or prevailing meaning of words." This case also cited the case of Moran v. State, 160 Miss. 598, 135 So. 209, in which the Court said: "The Court will take judicial notice of the ordinary meaning attached to words of general usage in this state, and that the word 'yearling', in its popular sense, means an animal of the cattle species or cow kind; and the indictment was not defective because of the use of the word 'yearling' as description of the animal alleged to have been stolen." We are of the opinion that the use of the words "ammonium nitrate" was sufficient to describe the property charged in the indictment to be stolen property, and that the court committed no error in overruling the demurrer.

The next assignment argued is that the court erred in overruling a motion for bill of particulars. This was not error. In McDaniel v. State, 191 Miss. 854, 4 So. 2d 355, the Court held: (Hn 2) "We have heretofore ruled in several cases that the defendant in a criminal case is not entitled to a bill of particulars. Westbrooks v. State, 76 Miss. 710, 25 So. 491; Quick v. State, 133 Miss. 634, 98 So. 108; Sanders v. State, 141 Miss. 289, 105 So. 523."

(Hn 3) Appellant next argues that the court erred in permitting the state to amend the indictment, the amendment being as follows: ". . . six sacks of Lion ammonium fertilizer weighing one hundred pounds each, said fertilizer approximately twenty-one per cent nitrogen of the value of $3.50 per sack, total value of $21.00, in good and lawful money of the United States of America." This amendment was authorized under Sec. 2532,

Mississippi Code of 1942. In the case of Davis v. State, 181 Miss. 239, 179 So. 740, the Court, with reference to an amendment of a grand larceny indictment describing stolen property, said: "It is first assigned that the court erred in permitting an amendment and refusing a mistrial thereafter. We are of the opinion that the court properly allowed this amendment; that it did not vary the description, but merely supplemented it; and that the original indictment probably would have been sufficient; and that such amendment did not constitute a new case or a new description which would prevent the appellant from understanding the offense with which he. was charged. Consequently, there was no error in overruling the motion for a mistrial and continuance."

Appellant argues that the court erred in refusing certain requested instructions. We have carefully examined these instructions and find that they were correctly refused. It is lastly argued that the court erred in sentencing the appellant to the penitentiary instead of for the offense of petit larceny. This assignment is well taken. The appellant was sentenced under Section 2249, Code of 1942, which is as follows: "If a person buy or receive in any manner or on any consideration personal property of any value, feloniously taken away from another, knowing the same to have been so taken, he shall be guilty of receiving stolen goods, and, on conviction, shall be punished by imprisonment in the penitentiary not more than five years, or by imprisonment in the county jail not more than six months, and by fine, not more than two hundred and fifty dollars."

(Hn 4) He should have been sentenced under Sec. 2538, Code of 1942, which reads as follows: "In convictions for receiving stolen goods and obtaining money under false pretenses, and for embezzlement, if the value of the money or property received or obtained, or embezzled, be less than twenty-five dollars, the offense shall be punished as petit larceny, except where the stolen goods, or

property, are neat or horned cattle, the offense shall be punished as for the larceny of such horned or neat cattle." As the value of the stolen property under the indictment as amended was of the total value of $21.00, sentence under this section was proper. This was the express holding of the Court in the case of Crowell v. State, 195 Miss. 427, 15 So. 2d 508.

The judgment will be affirmed on the issue of guilt, but will be vacated as to the punishment, and the case remanded so that sentence may be imposed under Sec. 2538, Code of 1942.

Affirmed in part and reversed and remanded for proper sentence.

*McGehee, C. J.,* and *Hall, Lee,* and *Ethridge, JJ.,* concur.