STATE *v.* McCLENDON

No. 43268 November 16, 1964 168 So. 2d 737

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellant.

No attorney for appellee.

PATTERSON, J.

This is an appeal by the State of Mississippi from an order of the circuit court of Choctaw County dismissing a criminal cause of action.

The defendant was indicted under Mississippi Code Annotated section 2052 (1956) "Children, Female — Violation of Persons of — Penalty" on the 17th day of February, 1964, in Choctaw County. The defendant moved the court to require the State to inform the defendant as to the date and place of the alleged crime as charged in the indictment and such motion was sustained by the court. Whereupon the district attorney, on behalf of the State, declined to plead further by way of filing a bill of particulars, but announced the State was ready and willing to proceed with the trial of the defendant in the cause. The court upon this refusal of the district attorney to plead further, dismissed the cause and granted this appeal.

 The sole issue to be determined here is whether the court was correct in sustaining the motion of the defendant requiring the State to be more specific as to the date and place of the alleged crime as charged in the indictment. This Court has held on several occasions that the defendant in a criminal case is not entitled to a bill of particulars. Andrews v. State, 237 Miss. 875, 116 So. 2d 749 (1960); Jones v. State, 215 Miss. 355, 60 So. 2d 805 (1952); McDaniel v. State 191 Miss. 854, 4 So. 2d 355 (1941); Sanders v. State, 141 Miss. 289, 105 So. 523 (1925). It is noted that the body of the indictment charges the crime as having been committed on February 17, 1964, and this is sufficient as time is not of the essence in the offense. See Mississippi Code Annotated section 2451 (1956). The indictment also sets forth that the alleged crime occurred in Choctaw County, Mississippi, and this is sufficient as to place. Yates v. State, 172 Miss. 581, 161 So. 147 (1935).

We are of the opinion and so hold that the court below was in error in requiring the State to make more certain the date and place of the alleged crime.

Reversed and remanded.

*Kyle, P. J., Ethridge, Gillespie and Rodgers, JJ.,* concur.