369 So.2d 275 (1979)
Johnny OVERSTREET
v.
STATE of Mississippi.
No. 51004.
Supreme Court of Mississippi.
March 28, 1979.
*276 H.W. "Sonny" Jones, Meridian, for appellant.
A.F. Summer, Atty. Gen. by Phillip H. Schwartz, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, BROOM and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
Johnny Overstreet was indicted in Lauderdale County on November 30, 1977, for the murder of Robert Abernathy. He was convicted and sentenced to life imprisonment. Aggrieved he appeals.
On the evening of November 19, 1977, Overstreet was refreshing himself in the Paradise Club in the city of Meridian when Abernathy entered in pursuit of his mistress's daughter, Shirley, who was reported to be in the club. Overstreet and Abernathy exchanged a few words when Overstreet admonished Abernathy that he should be careful in punishing the children of others. Abernathy departed the club to deliver some beer to the Brooks Royal Inn, a nearby cafe. While unloading the beer from his automobile, Overstreet appeared and fired several times at Abernathy. One bullet entered Abernathy's back, causing his death.
Mildred Burrage Abernathy, deceased's mistress, and Jeannette Burrage, her daughter, identified Overstreet as the assailant and gave direct testimony of their observance of him firing the pistol that killed Abernathy. Other witnesses testified that Overstreet, following the verbal altercation with Abernathy, left the club and departed in an opposite direction from Abernathy and thus could not have been the person who shot Abernathy. This conflict in evidence was resolved contrary to Overstreet.
On appeal Overstreet contends the Mississippi Uniform Criminal Rules of Circuit Court Practice, section 4.06, pages 49-50 (1977) and Tenth Circuit Rule No. 6, the district in which the trial occurred, entitle a criminal defendant to a bill of particulars. We reject this argument because a bill of particulars usurps the function of an indictment in setting out the nature of the charged offense. Westbrooks v. State, 76 Miss. 710, 25 So. 491 (1899).
The trial court conducted a hearing on a motion of the defendant to produce. At this hearing on January 25, 1978, a voluntary *277 statement from Jeannette Burrage, several police reports and documents were provided to the defendant. Additionally, the state offered to make available to the defendant for examination the pistols, a bloody shirt and photographs. A list of twelve potential state's witnesses was read into the record as was a statement that there was a possibility that a pathologist might be called. We conclude, as we think we must, that appellant's argument that the state failed to comply with the production order is without merit. Tapp v. State, 347 So.2d 974 (Miss. 1977); Boyd v. State, 253 Miss. 98, 175 So.2d 132 (1965); and McDaniel v. State, 191 Miss. 854, 4 So.2d 355 (1941).
The appellant further ascribes as error the introduction of bloody items of the decedent's clothing as irrelevant and inflammatory. We have recently held a presumption of reversible error is created by the introduction of evidence inflammatory in nature, but that the presumption can be negated when it can be said with confidence that no harmful effect resulted. Tudor v. State, 299 So.2d 682 (Miss. 1974). However, the balancing of inflammatory characteristics versus probative value is logically dependent upon the relevancy of the evidence. In Voyles v. State, 362 So.2d 1236 (Miss. 1978), we stated:
... In the first place, we do not find that the photographs are such that a jury would be influenced or prejudiced by an inspection of what is shown. They merely confirm the testimony of witness West as to the contents of the blanket immediately after taking them from the water. In the second place, each picture shows a positive item of evidence necessary to establish the identity of the body and each photograph is an important piece of affirmative evidence. Hence, the court's allowing such photographs to be admitted into evidence cannot be reversible error in this case.
(362 So.2d at 1242)
The above rationale permeates the case. The morbid evidence complained of does confirm the testimony of Jim Edwards, a lay coroner, as to the cause of death and the path of the projectile producing death.
The appellant next maintains the admission of testimony from Mildred Burrage Abernathy was reversible error because her name was not produced at the hearing conducted on January 25. Overstreet contends this was tantamount to a concealment of the witness which was prejudicial to him and violative of his right to a fair trial as set forth in McCray v. State, 293 So.2d 807 (Miss. 1974). We disagree. The record reveals the state was not aware that the witness would testify for it until several days before the trial and this availability was made known to the defendant at least two days before the trial. Previously both the prosecution and the defendant had conducted interviews with her and both were forewarned of her reluctance, if not belligerence, to giving testimony. From these circumstances if is our opinion the defense was not surprised and thereby prejudiced by the appearance of Mildred Burrage Abernathy as a witness. Moreover, her testimony is quite similar to that of Jeannette, the other eyewitness, which to a degree minimizes the element of surprise from her testimony. The admission of her testimony was largely within the bounds of the trial court's discretion which we do not think was abused. Armstrong v. State, 214 So.2d 589 (Miss. 1968).
Overstreet contends a mistrial should have been granted because of the district attorney's frequent objections to defense counsel's questioning of Mildred Burrage Abernathy. Our review indicates that a patient trial judge acted properly in calming a heated colloquy between opposing counsel and that no prejudice resulted to the appellant from it. We therefore think this assignment of error is without merit.
In conclusion, the record reveals ample evidence to support Overstreet's conviction and that he was accorded due process of law. We therefore affirm the sentence and judgment entered in the trial below.
AFFIRMED.
*278 SMITH and ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.