# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-KA-01087-SCT

*THOMAS DWAYNE COMBS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/94 |
| TRIAL JUDGE: | HON. HENRY LAFAYETTE LACKEY |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS C. LEVIDIOTIS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | LAWRENCE A. LITTLE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 2/27/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DAN LEE, C.J., BANKS AND MILLS, JJ.**

**DAN LEE, CHIEF JUSTICE, FOR THE COURT:**

Thomas Dwayne Combs was indicted in a multi-count indictment for sexual battery and capital rape of his two daughters, Jennifer and Christina, who at the time of the offenses were twelve and ten years of age respectively. Combs received a jury trial before the Honorable Henry Lackey in the Circuit Court of Lafayette County. After due deliberation, the jury returned a guilty verdict on each of the eight counts of sexual battery, but failed to return a verdict on the three counts of rape. Combs was sentenced to serve twenty (20) years in the custody of the Mississippi Department of Corrections for the four counts against Jennifer and twenty (20) years for the four counts against Christina. The sentences were to run consecutively for a total of forty (40) years. The trial court denied his post-trial motion for JNOV or a new trial. Displeased with his conviction for eight counts of sexual battery, Combs appeals and raises the following issues:

**I. WHETHER THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S PRETRIAL MOTION FOR SEVERANCE OF CHARGES WITH RESPECT TO THE ALLEGED VICTIMS,**

**II. WHETHER THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S PRETRIAL MOTION FOR PARTICULARS AS ALLEGED IN THE INDICTMENT,**

**III. WHETHER THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S MOTIONS FOR DIRECTED VERDICT AND PEREMPTORY INSTRUCTION OF NOT GUILTY MADE AT THE CLOSE OF THE STATE'S CASE, AND PROMPTLY RENEWED AT THE CLOSE OF THE APPELLANT'S CASE,**

**IV. WHETHER THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S TIMELY POST-TRIAL MOTION FOR ACQUITTAL NOTWITHSTANDING THE VERDICT OF JURY, OR, ALTERNATIVELY MOTION FOR NEW TRIAL, AND**

**V. ALTERNATIVELY, WHETHER THE VARIOUS ERRORS OF THE TRIAL COURT TAKEN TOGETHER EFFECTIVELY SERVED TO DENY APPELLANT MINIMALLY ACCEPTABLE DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES CONSTITUTION, AMENDMENTS V, VI, XIV AND ARTICLE III, 14 OF THE MISSISSIPPI CONSTITUTION OF 1890.**

## STATEMENT OF THE CASE

The Appellant, Thomas Dwayne Combs, on or about March 18, 1993, was accused by his wife, Brenda Waite Combs, who herself claimed to be acting upon allegations of the couple's daughters, Jennifer and Christina Combs, then twelve and ten years old respectively, of various acts constituting capital rape and sexual battery upon the girls. Christina had given her mother a letter telling her of Combs' improper actions. The Lafayette County Department of Human Services, Lafayette County Sheriff's Office, as well as the District Attorney's Office soon became involved in the matter and Combs was arrested and questioned regarding these various alleged crimes.

In December, 1993, a Lafayette County grand jury indicted Mr. Combs for three counts of capital rape allegedly committed upon Jennifer, the older daughter, and eight counts of sexual battery, four counts each, allegedly committed against both daughters, specifically charging two counts each of fellatio and digital penetration involving each of the girls.

Comb's defense relied upon the absolute lack of physical evidence that rape or sexual battery had occurred, including the testimony of the children's pediatrician that the hymen and vaginal introitus of the older child were intact and normal in appearance for her age, and the theory that Brenda Combs had manufactured the charges, coaxed the children into complaining of the alleged conduct and testifying against Combs, in order to secure a divorce, and to obscure her theft of approximately ten thousand dollars cash from the couple's cabinet-building business.

Following a jury trial in the Circuit Court of Lafayette County, in July, 1994, Combs was convicted

of the eight counts of sexual battery, as charged in the multi-count indictment, but the jury was unable to agree as to the charges of rape. After a pre-sentence investigation and sentencing hearing, the trial court sentenced Combs to serve forty years imprisonment. After the trial and sentencing, Combs filed a motion for Acquittal Notwithstanding Verdict of Jury, Or, Alternatively Motion For New Trial. The trial court overruled this post-trial motion, and Combs now appeals the aforementioned conviction.

In addition to his appellant brief, filed February 3, 1995, Combs filed a supplemental brief on December 20, 1995, in which he raised the question of ineffective assistance of counsel. The appellee's brief was filed and, pursuant to Miss. Sup. Ct. R. 31(b), any reply brief would have been due in April of 1995. The State moved to strike the supplemental brief and this Court granted the motion on January 19, 1996. Combs' petition for rehearing on the motion to strike was denied on April 1, 1996.

## WHETHER THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S PRETRIAL MOTION FOR SEVERANCE OF CHARGES WITH RESPECT TO THE ALLEGED VICTIMS.

Before trial, the Appellant made a timely Motion for Severance of the counts pending against him in a multi-count indictment, with respect to the alleged victims and occurrences. Combs suggests that it was error for the trial court not to have had a hearing on the severance motion.

In allowing multi-count indictments, this Court has stated that:

> Miss. Code Ann. § 99-7-2 (Supp. 1994) provides that two or more offenses may be charged in the same indictment, using separate counts for each offense, if "(a) the offenses are based on the same act or transaction; or (b) the offenses are based on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." Miss. Code Ann. § 99-7- 2(1) (1994). Use of the disjunctive "or" provides three options. However, this Court stated, in *McCarty*, that either a common transaction or occurrence is required or, if the transactions occurred at different times, the time period between them must be insignificant in order that a multi-count indictment be permissible. *McCarty*, 554 So. 2d at 915. Restated, a finding that the intervening time period is insignificant is a prerequisite to both the second and third options of § 99-7-2(1), i.e., that the transactions are either connected or part of a common scheme or plan.

> This Court subsequently explained that transactions involving the same victim and the same kind of act committed by the same defendant are connected, for purposes of § 99-7-2. *Allman v. State*, 571 So. 2d 244, 248 (Miss. 1990).

*Eakes v. State*, 665 So.2d 852, 861 (Miss. 1995).

When a multi-count indictment has been returned and the defendant requests severance, a hearing should be held on the issue. This Court has previously addressed the severance issue and has stated:

> When a defendant raises the issue of severance, we recommend that a trial court hold a hearing on the issue. The State, then, has the burden of making a prima facie case showing that the offenses charged fall within the language of the statute allowing multi-count indictments. If the

State meets its burden, a defendant may rebut by showing that the offenses were separate and distinct acts or transactions. In making its determination regarding severance, the trial court should pay particular attention to whether the time period between the occurrences is insignificant, whether the evidence proving each count would be admissible to prove each of the other counts, and whether the crimes are interwoven. *See Allman v. State*, 571 So. 2d 244, 248 (Miss. 1990); *McCarty*, 554 So. 2d at 914-916.

If a trial court follows this procedure, this Court will review the trial court's decision under the abuse of discretion standard giving due deference to the trial court's findings. *McCarty*, 554 So. 2d at 916.

*Corely v. State*, 584 So. 2d 769, 772 (Miss. 1991) (footnote omitted). The Court noted in a subsequent footnote:

Additionally, if the trial court denies a motion for a severance or a motion is not made, we recommend that the trial court caution the jury that although the case before the jury involves charges of more than one offense, proof of guilt on one count is not proof of guilt on the other(s).

*Id.* at 772-73.

Although the transactions upon which Combs' offenses are based occurred over a period of two years, the multi-count indictment arose from the same transactions or occurrences, and the evidence against Combs was admissible for each of the charged crimes. The transactions in the case *sub judice* involve the same victims and the same type of acts; therefore, the transactions are connected, pursuant to *Allman v. State*, 571 So. 2d 244 (Miss. 1990). Combs' alleged offenses may also have been part of a common plan, as the offenses were committed against both of his daughters and in light of the testimony of both girls that Christina was being "groomed" by her father to the point where she too would engage in sexual intercourse with her father as did her older sister Jennifer.

Jennifer testified that when she was seven years old, her father began touching her on her chest area and between her legs. When she was ten, the oral sex began and he began to have intercourse with her by the time she was twelve. She testified further that her father at first only placed his finger inside of her but that he eventually placed as many as three fingers inside of her.

The testimony provided by Christina was similar to that given by Jennifer. Christina explained that she wrote the note to her mother when the sexual activity escalated and she became "scared [that] he was going to do the same thing [to her] that he did to Jennifer."

The counts alleged in the multi-count indictment arose from the same transactions or occurrences and, as such, were properly tried in a single trial. Pursuant to two of the three options presented by Miss. Code Ann. § 99-7-2(1), the offenses were properly combined in a multi-count indictment. Section 99-7-2 further provides that multiple offenses properly charged in a single indictment are properly tried in a single trial. Miss. Code Ann. § 99-7-2(2) (Supp. 1994). It follows that Combs' offenses were properly tried in a single proceeding. There is no error here.

Upon reviewing the record in the case *sub judice*, although no transcript of a hearing was provided to

this Court, the record does provide sufficient evidence to find that the trial court did conduct some inquiry into the motion for severance and determined that the matter before the court was a "series of actions." The trial court noted that "I will caution the jury as best I can that one does not support the other -- one allegation does not support the other."

Rule 4.04 of the Uniform Criminal Rules of Circuit Court Practice provides that:

> The granting or refusing of severances of defendants in cases less than capital *shall be in the discretion of the trial judge*.
>
> The court may, on motion of the state or defendant, grant a severance of offenses whenever:
>
> (1) If before trial it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each offense; or
>
> (2) If during trial, upon the consent of the defendant, it is deemed necessary to achieve a fair determination of the defendant' guilt or innocence of each offense.

Miss.Unif.Crim.R.Cir.Ct. Prac. 4.04 (1990) (emphasis added). Thus, denial of a severance is a matter within the sound discretion of the trial judge. The trial court did not abuse its discretion and, therefore, we give deference to the lower court's decision. This assignment of error has no merit.

## WHETHER THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S PRETRIAL MOTION FOR PARTICULARS AS ALLEGED IN THE INDICTMENT.

Before trial, Combs filed a timely Motion for Particulars as Alleged in the Indictment specifically asking "that the State be required to amend the indictment as to more specifically reflect dates, times and places that the alleged offenses transpired." The multi-count indictment returned by the grand jury in this case set out eleven counts of illegal offenses which Combs had committed "prior to the 19th day of March 1993." The indictment included three counts of rape and four counts of sexual battery against Jennifer Combs and four counts of sexual battery against Christina.

The sufficiency of an indictment is tested by determining whether it contains every element of the offense(s) to be charged and if it apprises the defendant of what he must be prepared to meet in court. *Hamilton v. State*, 197 So. 2d 469 (Miss. 1969). A defendant must be given notice of the charge(s) he is to defend, and the adequacy of said notice is not measured in technical pleading terms but by a pragmatic inquiry into whether, on the facts of the case, the defendant knows what he is to defend. *United States v. Cochran*, 697 F.2d 600 (N.D. Miss.), *reh'g denied*, 703 F.2d 557 (5th Cir. 1983). Under our criminal discovery rules, the defendant was fully apprized well in advance of trial of all evidence, oral and documentary, offered by the State. Combs had adequate information upon which to establish any defense he may have wanted to present.

Furthermore, this Court has held that an accused is not entitled to a bill of particulars on an indictment. *Cumbest v. State*, 456 So. 2d 209 (Miss. 1984); *Overstreet v. State*, 369 So. 2d 275 (1979); *Bright v. State*, 293 So. 2d 818 (1974); *Andrews v. State*, 237 Miss 875, 116 So. 2d 749 (1960). This assignment of error is without merit.

## WHETHER THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S

**MOTIONS FOR DIRECTED VERDICT AND PEREMPTORY INSTRUCTION OF NOT GUILTY MADE AT THE CLOSE OF THE STATE'S CASE, AND PROMPTLY RENEWED AT THE CLOSE OF THE APPELLANT'S CASE.**

and

**WHETHER THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S TIMELY POST-TRIAL MOTION FOR ACQUITTAL NOTWITHSTANDING THE VERDICT OF JURY, OR, ALTERNATIVELY MOTION FOR NEW TRIAL.**

At trial, the defense made a timely Motion for Directed Verdict and Peremptory Instruction of Not Guilty at the close of the State's case, and promptly renewed this motion at the close of the Appellant's case. The court overruled both motions. Combs argues that, taking in a light most favorable to the State the testimony about the Appellant's acts relevant to the charges pending against him, the State failed to meet its burden of proof. Following his conviction, the Appellant made a timely post-trial Motion For Acquittal Notwithstanding Jury Verdict, Or, Alternatively Motion For New Trial.

Combs was convicted under Miss. Code Ann. § 97-3-95 on four counts of sexual battery against Jennifer and four counts of sexual battery against Christina, two involving forced acts of fellatio and two involving digital penetration as to each girl.

The facts in the present case, when viewed in the light most favorable to the State, are in part as follows:

Brenda Combs testified that on March 19, 1993, her daughter Christina gave her a letter which, in sum, stated that Combs had been "kissing" Jennifer and her and that he had been making them perform fellatio on him.

Jennifer Combs testified that her father began putting his fingers inside of her vagina when she was 10 or 11 years old and that he had done it on many occasions. She also testified to several times when her father forced her to perform fellatio and then recounted a few specific incidents when these episodes took place.

Christina Combs testified that her father had also digitally penetrated her and that she, too, was forced to perform fellatio. She specifically recalled an incident which took place in her father's truck and another which took place in her father's cabinet-shop.

Katherine Robinson, a social worker with Department of Human Services, testified that she investigated the allegations made by Jennifer and Christina Combs. She stated that both girls told her in detail about the abuse. She added that there was nothing said by either girl that would make her think that they were lying.

Susannah Ferris, a counselor with Rape Crisis Services, testified that she treated the girls over a course of several sessions and never saw any inconsistencies in their detailed stories about the abuse. On redirect examination, she reiterated that she did not believe the girls were "rehearsed" and that there was nothing that indicated to her that their statements were fabricated or that they had lied.

Terry Prestige, chief deputy with the Lafayette County Sheriff's office, stated that he was called upon to investigate the case involving charges of child sexual abuse involving Combs. He testified that he had asked Jennifer specifically about "the most recent" accusation she was making against her father, which had occurred approximately two weeks before they came into his office, and her response was:

> She told me that her and her father had went to, were going to Water Valley from her home to pick up some to the grocery store to pick up some milk or items, she said as they were going to town that her father pulled off on the side road into a grassy field and had Jennifer perform oral sex on him; this was right at dark.

Dr. Harris testified that he "felt there was a likelihood of sexual abuse." He testified further that it could be possible for someone to intentionally dilate the vaginal opening and the hymen by gradually inserting an increasing number of fingers into the vaginal opening so that it could accommodate a male penis.. By doing so, this could prevent tearing, rupturing or bruising the hymen. Dr. Harris could not state that his findings were completely incompatible or inconsistent with the girls' statements.

This Court addressed the sufficiency of the evidence presented in a case involving an attempted sexual battery, where there also was no physical proof of a battery:

> Appellee's attack centers on the credibility of the defense witnesses and the weight to be given their testimony. However, the credibility and weight of the evidence are for the jury and not for this Court to determine.
>
> This record clearly makes out a jury issue. Any conflicts or inconsistencies were for the jury to resolve. This Court does not reverse criminal cases solely on disputed issues of fact. ***Thornton v. State***, 313 So. 2d 16, 18 (Miss. 1975).

*Gill v. State*, 485 So. 2d 1047, 1049 (Miss. 1986).

Review of a directed verdict made at the close of the defendant's case consists of this Court's applying a reasonable doubt standard to the verdict, while viewing the evidence in a light most favorable to the verdict. The appeal of an overruled peremptory instruction or motion for JNOV also tests the sufficiency of the evidence as a matter of law, viewing the evidence in a light favorable to the verdict. *Esparanza v. State*, 595 So. 2d 418, 426 (Miss. 1992) (citations omitted).

Specifically addressing motions for J.N.O.V., this Court has held that:

> [a] motion for J.N.O.V. challenges the legal sufficiency of the evidence. Our standard of review for denial of a JNOV is familiar:
>
> Where a defendant has moved for JNOV, the trial court must consider all of the evidence--not just the evidence which supports the State's case--in the light most favorable to the State. The evidence which is consistent with the verdict must be accepted as true. The State must also be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the defendant with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, granting the motion is required. On the other hand, if there is substantial evidence opposed to

the motion, that is, evidence having such quality and weight that, having in mind the beyond-a-reasonable-doubt burden of proof standard, reasonable fair-minded men jurors in the exercise of impartial judgment might reach different conclusions, the motion should be denied and the jury's verdict allowed to stand.

*Walton v. State*, 642 So. 2d 930, 931-32 (Miss. 1994) (citations omitted).

To determine whether a jury verdict is against the overwhelming weight of the evidence, we view all of the evidence in the light consistent with the verdict and we give the State all favorable inferences which may be drawn from the evidence. *Corley v. State*, 584 So. 2d 769, 773 (Miss. 1991). Viewing the evidence in a light most favorable to the State, this case presents evidence sufficient to overcome a motion for directed verdict, peremptory instruction, and JNOV.

The evidence in this case supports the verdict of the jury and, as such, the verdict of the jury is beyond the authority of this Court to disturb. Accordingly, each of these assignments of error is without merit.

**ALTERNATIVELY, WHETHER THE VARIOUS ERRORS OF THE TRIAL COURT TAKEN TOGETHER EFFECTIVELY SERVED TO DENY APPELLANT MINIMALLY ACCEPTABLE DUE PROCESS OF LAW AS GUARANTEED BY THE UNITED STATES CONSTITUTION, AMENDMENTS V, VI, XIV AND ARTICLE III, 14 OF THE MISSISSIPPI CONSTITUTION OF 1890.**

In this final assignment of error, Combs argues that he was denied minimally acceptable due process of law as guaranteed by the United States Constitution, Amendments V, VI and XIV, and Article III, Section 14, of the Mississippi Constitution of 1890, because of the above described procedural deficiencies. Additionally, he argues that the State misconducted itself during its closing argument by offering to the jury a denied jury instruction as the law in this State. Combs contends that, even if these errors are insufficient standing alone to warrant reversal of the conviction below, taken together they have denied Combs a fair trial and therefore he is entitled to reversal of his conviction.

Finding none of the above assignments of error to have merit or warrant relief, this assignment of error is also without merit.

## CONCLUSION

After a close review of the record in the present case, it is the opionion of the Court that the trial court committed no error in denying Combs' pre-trial motions for severance and for particulars. Allowing trial on a multi-count indictment charging defendant with sexual battery and capital rape involving his two minor daughters is not erroneous where the charges arose from similar occurrences and where the evidence against the defendant would be admissible for each of the charged crimes pursuant to M.R.E. 404 (b).

The trial judge did not abuse his discretion in denying Combs' motion for particulars. Combs is hard pressed to show that his defense would have been altered in any way had he been given any of the information he now claims was necessary in the motion for particulars.

The trial court committed no error in denying Combs' motion for directed verdict as the evidence was

more than sufficient to support the verdict and was not against the overwhelming weight of the evidence. Having reviewed the evidence in this case, as well as the appropriate substantive components of the criminal offenses charged and the limited scope of review on challenges to the sufficiency of the evidence at trial on appeal, we find that the trial judge correctly overruled Combs' request for a peremptory instruction and his subsequent motion for JNOV or new trial.

Finally, no cumulative error occurred in this case to warrant a new trial.

Accordingly, the conviction and sentence of Thomas Dwayne Combs is affirmed.

**COUNTS IV, V, VI AND VII: CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY (20) YEARS ON EACH OF THESE COUNTS RUNNING CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. COUNTS VIII, IX, X AND XI: CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TWENTY (20) YEARS ON EACH OF THESE COUNTS RUNNING CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. SAID SENTENCE IN COUNTS IV, V, VI AND VII SHALL RUN CONSECUTIVELY WITH THE SENTENCE IN COUNTS VIII, IX, X AND XI.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**